BANK OF HAWAII *v.* Y. H. CHAR, WM. H. CROZIER, JR., JOHN G. DUARTE AND T. S. SHINN.

No. 4015.

Argued January 28, 1959.                    Decided April 23, 1959.

Rice, C. J., Stainback and Marumoto, JJ.

*Per Curiam.* Upon the filing of our opinion reported on page 17, *ante,* appellants presented their petition for rehearing predicated on our statement in reference to their contention that they were discharged as endorsers by reason of diversion of security by the bank.

That contention was not made in the circuit court. It appeared for the first time in appellant's opening brief on appeal. Appellants do not complain about our disposition of the points on which they relied in the circuit court. Because the contention was not made in the circuit court, the bank moved that it be stricken from the brief. We granted the motion. Thus, any statement with respect to the contention was unnecessary for the determination of the appeal and was dictum, unless we erred in our ruling on the motion.

Our statement was made on the assumption that, in alleging a diversion of security, appellants had reference to the application of the proceeds of the security to the payment of the obligations secured by the assignment to the surety and not in payment of the note. It is clear from the allegations of the petition for rehearing that appellants also had such application of the proceeds in mind when they charged that the bank diverted the security. However, our assumption was erroneous; and appellants framed their petition on the same erroneous assumption. The bank, in its reply to the petition, pointed out that the proceeds of the security were not applied in payment of the obligations secured by the assignment to the surety but in payment of the contractors' obligations to the bank other than the note in question. Thus, the petition, predicated as it was on an erroneous factual assumption, was left without substance. Appellants then advanced the contention that the assign-

ment to the bank was security for a specific debt, namely, the note in question, and that there was a diversion because the proceeds were not applied in payment of that specific debt.

The contention that the assignment to the bank secured only the note in question raised an issue that was not raised in the circuit court, nor in the briefs or argument on appeal, nor even in the petition for rehearing. However, we granted a rehearing in view of *Kennedy* v. *Silas Mason Co.,* 334 U.S. 249. In that case, the District Court first denied and later granted summary judgment for the defendant; the Court of Appeals affirmed; but the Supreme Court vacated the judgment and remanded the case to the District Court for reconsideration in the light of a contention that was not submitted either in the District Court or in the Court of Appeals, was not consistent with the theoretical basis of the decisions in the lower courts, and was fully presented for the first time in the reply brief in the Supreme Court.

Initially, it seemed to us that the reasoning in *Kennedy* v. *Silas Mason Co.* might require us to take an action in the instant case similar to the action taken in that case. However, it is clear, from a rereading of the opinion, that the action of the Supreme Court was based on the fact that the issue raised for the first time before it was an issue of great public import having a bearing on the cost of prosecuting the war. Appellants and the bank agree that the instant case does not involve any such public issue but is concerned only with a controversy between private parties.

Appellants urge upon this court to reverse the judgment of the circuit court on the record before us because although the record is voluminous, it is uncomplicated and is adequate for the determination of the issue of diversion of security. The bank, on the other hand, asserts that the contention regarding diversion in the present posture raises an issue of fact and that a reversal of summary judgment may not be predicated on an issue of fact that was not plainly disclosed as a genuine issue in the circuit court. (*Ring Engineering Co.* v. *Otis Elevator Co.,* 179 F. [2d] 812.)

We think that it is unnecessary to consider whether the record contains sufficient evidence to establish the alleged diversion of security. Where an issue not called to the attention of the trial court is raised for the first time on appeal, the appellate court, as

a general rule, will not consider such issue, although the record may contain facts relating to such issue. (*Lowe* v. *Ruhlman,* 67 C.A. [2d] 828, 155 P. [2d] 671; *Central Pattern & Foundry Co.* v. *Industrial Commission,* 374 Ill. 300, 29 N.E. [2d] 511; *Whitfield* v. *Parsons,* 134 N.J. Eq. 352, 35 A. [2d] 673; *American Finance Corp.* v. *Spurgin,* 183 Okl. 556, 83 P. [2d] 568; *Stevens* v. *Mirakian,* 177 Va. 123, 12 S.E. [2d] 780; *Foster & Kleiser Co.* v. *Special Site Sign Co.,* 85 F. [2d] 742; *Libby-Owens-Ford Glass Co.* v. *Sylvania Industrial Corp.,* 154 F. [2d] 814; *Palmer* v. *Reconstruction Finance Corp.,* 164 F. [2d] 466.) The rule is not inflexible, as *Kennedy* v. *Silas Mason Co.,* shows. But the instant case is one which, in our opinion, calls for adherence to and not deviation from the general rule in the interest of sound judicial administration.

Appellants' attempt to raise the issue of diversion of security in the opening brief on appeal, predicated on the assumption that the proceeds were applied in payment of the obligations secured by the assignment to the surety and not on the note, was obviously an afterthought. If the issue were material and the circuit court had failed to consider it, appellants could have moved for a new trial under rule 59(a)(2) of Hawaii Rules of Civil Procedure. (*Aerated Products Co.* v. *Aeration Processes,* 95 F. Supp. 23, 29.) This, appellants did not do. They apparently did not place much reliance on the issue because, when the bank moved to strike the argument with reference to it from the brief, they did not file a written statement of reasons in support of their position and the authorities on which they relied, as permitted by our rules, although their counsel did present a brief oral argument in opposition. Their present position on the issue of diversion, based on the theory that the assignment to the bank secured a specific debt, is a second afterthought, conceived after the bank pointed out that their first afterthought was based on an erroneous assumption. That appellants did not previously have such theory in mind is evident from the statement in their reply brief on appeal that the original purpose of the assignment of the proceeds of the road contract was "to secure funds advanced by the bank *on and after December 6, 1946,*" and from their dependence in their petition for rehearing on questions relating solely to priority between the assignment to

the bank and the assignment to the surety. There must be an end to litigation and it is not in the interest of good judicial administration to permit the raising of new issues *ad infinitum*.

Opinion affirmed.

*R. G. Dodge* (*Heen, Kai & Dodge, Enos Vincent* and *O. P. Soares* with him on the briefs) for appellants T. S. Shinn and John G. Duarte.

*H. B. Kidwell* (*Anderson, Wrenn & Jenks* and *Richard E. Stifel* with him on the brief) for appellee.