John G. DUARTE and T. S. Shinn,
Appellants,

v.

BANK OF HAWAII, Appellee.

No. 16573.

United States Court of Appeals
Ninth Circuit.

Feb. 13, 1961.

Rehearing Denied March 7, 1961.

R. G. Dodge, Honolulu, Hawaii, Enos Vincent, Wailuku, Maui, for Shinn.

O. P. Soares, Honolulu, Hawaii, for Duarte.

Heen, Kai & Dodge, Honolulu, Hawaii, of counsel for appellants.

Richard E. Stifel, Honolulu, Hawaii, (Anderson, Wrenn & Jenks, Honolulu, Hawaii, of counsel), for appellee.

Before STEPHENS, HAMLEY and MERRILL, Circuit Judges.

HAMLEY, Circuit Judge.

This is an action on a promissory note instituted by the Bank of Hawaii, promissee and holder, in the Circuit Court of the Second Judicial Circuit, Territory of Hawaii. Named as defendants were Y. H. Char and Wm. H. Crozier, Jr., makers of the note, and the two accommodation endorsers, John G. Duarte and T. S. Shinn. The action was thereafter dismissed as to Char and Crozier.

The remaining parties filed cross motions for summary judgment. Defendants' motions were denied and plaintiff's motion was granted. Judgment was accordingly entered for the bank against both defendants, the monetary award being $41,063.47.

Duarte and Shinn appealed to the Supreme Court of Hawaii, which affirmed. Bank of Hawaii v. Char, 43 Haw. 17, reaffirmed on rehearing, 43 Haw. 223. Appeal was then taken to this court. We have jurisdiction under 28 U.S.C.A. § 1293 and section 13 of Public Law 86-3, 73 Stat. 10, enacted March 18, 1959. See 28 U.S.C.A. § 91 and notes under §§ 1252, 1293.

In their opening brief in this court appellants argue that they were released from liability as endorsers because the proceeds received from a contract assigned to the bank as security for the note were diverted to other purposes. They argue further that at the very least they were entitled to have their liability as endorsers reduced by the amount of such proceeds which the bank applied toward the payment of other notes not then due. Appellants contend that there is no genuine issue as to any material fact which prevented the trial court from so ruling on the motions for summary judgment.

After the filing of appellants' opening brief, appellee bank moved for dismissal of the appeal. In support of this motion it was pointed out that the territorial supreme court declined to consider the contentions which appellants seek to raise here, having held that these contentions were not presented to the trial court. Appellee argued that the territorial supreme court was correct in holding that these contentions had not been made in the trial court and that this being the case it was also correct in declining to consider those contentions on appeal. Since for this assertedly good reason these contentions were not considered by the territorial supreme court, appellee argued that they should not be considered by this court.

The motion for dismissal of this appeal was denied by another panel of this court. Appellee then filed its answering brief in which the same argument is made as was advanced in support of the motion to dismiss the appeal. In addition appellee argues that on the undisputed facts of record it must be held that there was no diversion of security which effectuated a release of appellants from liability as endorsers on the notes.

■ We turn to the question of whether the territorial supreme court erred in declining to consider on the merits appellants' contentions relative to release because of diversion of security.[1] This is, indeed, the only question which we need decide. If the territorial supreme court did not err in declining to consider these questions we must affirm without reaching those questions on the merits. On the other hand, if that court should have dealt with those questions our proper course would be to remand for further proceedings to the successor of the territorial supreme or circuit court, again without reaching the merits of the contentions appellants present here.[2]

As previously stated, the refusal of the territorial supreme court to consider appellants' contentions relating to diversion of security was premised on the view that those contentions were not advanced in the trial court. Appellants urge here that this premise is without foundation and that these contentions were raised in the trial court. Consideration of this point requires that we review the trial court proceedings.

1. While the same question was raised on the motion to dismiss this appeal, the denial of that motion does not constitute a ruling thereon. It means only that this court did not wish to determine that question in a summary manner on a motion to dismiss the appeal.

2. Section 13 of Public Law 86-3, supra, provides that "any mandate issued subsequent to the admission of said State shall be to the United States District Court for the District of Hawaii or a court of the State, as may be appropriate."

Appellants Duarte and Shinn filed separate but practically identical answers to the complaint which appellee bank filed in instituting this action. In the first paragraph of each answer it was recited, in addition to a general denial, that the respective defendant "gives notice that he intends to rely, inter alia, upon the defenses of release, payment, and/or bar by former adjudication." In the second paragraph of each answer it was alleged "as and for a separate defense" that the adjudication in another proceeding known as "Equity No. 333" had effectuated a complete bar to the instant action.

The bank thereafter filed in the cause a formal discontinuance of the action with respect to defendants Char and Crozier, who were the makers of the note upon which suit was brought. The remaining parties then entered into a stipulation the effect of which was to retract appellants' general denials and affirmative defenses of payment.

Shinn and Duarte then filed identical motions for summary judgment. The ground on which such motions were made was different than that stated in any of the defenses theretofore pleaded. It was that by dismissing this action as to the makers at a time when the statute of limitations had run, the bank discharged the makers from liability, and that by reason thereof appellants as endorsers were also discharged. This ground was stated and developed in a memorandum filed by appellants.

Appellee filed a responsive memorandum joining issue on this one point. At the same time appellee filed a counter motion for summary judgment, unsupported by an affidavit or memorandum. Appellants filed no affidavits or memoranda in opposition to appellee's motion for summary judgment.

The three motions were then set for oral argument at the same time. In the opinion thereafter filed by the trial court it is recited that both appellants and appellees presented memoranda and verbal arguments in support of their respective motions. As just noted, however, the memoranda dealt only with the defense urged in support of appellants' motions. The opinion of the trial court dealt with that defense and also with the defense raised in appellants' answers based on an alleged estoppel by the former adjudication.

It thus appears that at the time of the oral argument on the motions for summary judgment, all concerned proceeded as if the only defenses then relied upon by appellants were those of discharge by dismissal as to the makers and estoppel by former judgment.

But appellants argue that notwithstanding the lack of affidavits dealing with any other defense and the lack of any reference to other defenses in the memoranda and the opinion of the trial court, the defense of release was raised in their answers in the trial court. They further argue that their present contentions relative to release by reason of diversion of security are pertinent to that defense. Hence, it is argued, these contentions must be regarded as having been made in the trial court.

■ In appellants' answer the only averment relative to this defense was the word "release" in a single sentence referring to a number of defenses on which appellants would rely. This was not adequate pleading of the affirmative defense of release. It constituted a mere conclusional allegation without any supporting factual allegations, and it was not separately stated. See Kohen v. H. S. Crocker Co., Inc., 5 Cir., 260 F.2d 790; Fed.R.Civ.P. 8(b) (c), 10(b), 28 U.S.C.A.

■ Nevertheless, it might have been regarded as a sufficient pleading upon which appellants could have grounded the contentions concerning diversion of security which they now advance. On a motion for summary judgment, pleadings are to be liberally construed in favor of the party opposing the motion. McHenry v. Ford Motor Co., 6 Cir., 269 F.2d 18, 22.

■ But the fact is that appellants, when confronted with appellee's motion for summary judgment, did not by affidavit or argument make any representations as to how they planned to support

the general allegation of release. Under these circumstances the rule is applicable that general allegations which do not give notice of the specific contention relied upon are insufficient to prevent the award of summary judgment.[3] The sufficiency of the allegations of a pleading is not determinative of an opponent's motion for summary judgment. Lindsey v. Leavy, 9 Cir., 149 F.2d 899.

■ Appellants argue that there was no genuine issue as to any material fact which would have precluded the trial court from dealing with the diversion of security contentions in the summary judgment proceeding. But the fact that the evidence of record was sufficient to enable the trial court to deal with these contentions is not decisive of the question of whether it should have dealt with them. The trial court is not obliged to deal with issues of which it is not aware, either in a summary judgment proceeding or on a trial, however adequate the evidence may be as to such issues.

It was in their opening brief on appeal to the territorial supreme court that appellants first argued that they had been released from liability by reason of the asserted diversion of security. Even then the precise contention seems to have been somewhat different than that which is now presented, or at least was so ambiguously stated that it was given a different construction by the territorial supreme court. The territorial supreme court thereafter granted appellee's motion to strike that portion of appellants' opening brief on the ground that it had not been "properly and sufficiently presented to or considered by the court below."

In the territorial supreme court's opinion on rehearing, this argument made in appellants' opening brief in that court was characterized as an "afterthought." That court also commented on the fact that appellants did not then seem to place much reliance on that argument, since they filed no memorandum in opposition to the motion to strike this argument from the brief. They did make brief oral argument in opposition to the motion.

The territorial supreme court further pointed out that appellants' reply brief on the appeal and their petition for rehearing contained statements inconsistent with the diversion of security argument now advanced. It was stated in the reply brief that the original purpose of the assignment of the proceeds of the road contract was "to secure funds advanced by the bank on and after December 6, 1946." If the secured funds included those advanced after December 6, 1946, there was no diversion of security. The bank admittedly applied the proceeds of the assignment in payment of funds so advanced.

In the petition for rehearing appellants dealt with the diversion point as if it related solely to priority between the assignment to the bank and the assignment to the surety. Appellee thereafter pointed out that the proceeds of the security were not applied in payment of the obligations secured by the assignment to the surety. Instead, they were applied in payment of the contractor's obligations to the bank other than the note in question.

It was not until then that appellants in a further brief filed in the territorial supreme court advanced the precise point which they now assert in this court. Thus, far from presenting this argument in the trial court, appellants made it as what the territorial court characterized a "second afterthought" during rehearing proceedings in the Supreme Court of the Territory of Hawaii.

We agree with the Supreme Court of the Territory of Hawaii that the issue concerning diversion of security was not called to the attention of the trial court.

The territorial supreme court held that where an issue not called to the attention of the trial court is raised for the first time on appeal, the appellate court as a

---

3. Piantadosi v. Loew's, Inc., 9 Cir., 137 F.2d 534, 536; Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469, 473.

general rule will not consider such issue although the record may contain facts relating to such issue. That court determined that this general rule should be applied in the instant case.

The territorial supreme court noted but held inapplicable an exception in the case of an issue of great public import, citing Kennedy v. Silas Mason Co., 334 U.S. 249, 68 S.Ct. 1031, 92 L.Ed. 1347. Appellants also call attention to Persky v. Bank of America Nat'l Ass'n, 261 N.Y. 212, 185 N.E. 77, where it was held that a proposition of law not specifically argued in the trial court could be raised on appeal, where such proposition appeared upon the face of the record.

The contentions concerning diversion of security, advanced for the first time in the territorial supreme court, are not of great public import. Nor are they questions which appeared upon the face of the trial court record as having been raised below. Hence neither Kennedy nor Persky is in point here.

■■ Absent special considerations of this kind, the question of whether an intermediate appellate court should reverse a summary judgment on grounds not raised in a summary judgment proceeding rests largely within the discretion of that court. Especially is this true where the intermediate appellate court is a territorial supreme court engaged in reviewing the decisions of local territorial trial courts. Thus whatever disposition this court might make of a similar question presented with respect to a direct appeal from a federal district court, we are not inclined to hold that the Supreme Court of the Territory of Hawaii has abused its discretion in this regard.

Appellants contend that the Supreme Court of the State of Hawaii, successor to the territorial supreme court, has recently announced a contrary rule, citing Waterhouse v. Capital Investment Co., Ltd., 44 Haw. 235, 240. In that case it was held that an appellate court will not consider a ground not presented in the trial court which involves questions of fact not there developed. Appellants argue that it may be inferred from this that the Supreme Court of the State of Hawaii would have considered the new ground if it did not involve a question of fact.

In Waterhouse, however, the argument presented for the first time on appeal was urged in support of the judgment—not to obtain its reversal. Hence, Waterhouse does not represent a departure from the rule announced by the territorial supreme court in the instant case, which rule pertains to new arguments advanced in an effort to obtain a reversal.

Affirmed.