Arthur BASS, Plaintiff,

v.

SOUTHERN PACIFIC COMPANY, a corporation, Defendant.

Civ. No. 61–35.

United States District Court
D. Oregon.

July 21, 1961.

---

Tooze, Kerr, Tooze & Morrell, Edwin J. Peterson, James W. Morrell, John Reynolds, Portland, Or., for plaintiff.

Koerner, Young, McColloch & Dezendorf, John Gordon Gearin, Portland, Or., for defendant.

KILKENNY, District Judge.

Defendant moves for a summary judgment under the provisions of Rule 56, F.R.Civ.P., 28 U.S.C.A. Defendant contends that the record before the Court conclusively demonstrates plaintiff's contributory negligence and that under the Oregon law he is precluded from recovery. The action grows out of a collision between plaintiff's automobile and defendant's train. Plaintiff charges defendant with negligence. In its answer defendant charges plaintiff with contributory negligence. Defendant supports its charge with plaintiff's testimony in his deposition and with the affidavit of the defendant's claim agent. The statements in the deposition and in the affidavit are not challenged by counter-affidavits or otherwise, except in plaintiff's brief it is claimed that additional testimony will be produced at the time of the trial. The nature of this testimony is undisclosed.

The plaintiff testified that the accident occurred at approximately 8:45 a. m., that he lived approximately 3 miles from the railroad crossing, that he had used the crossing a number of times and was thoroughly familiar with it. It was cloudy, but not raining. The crossing in question consisted of the main line and a spur track. To reach the main line it was necessary that plaintiff cross the spur. The spur, as shown by the photographs attached to the agent's affidavit, was located some 30 to 40 feet from the main line. Plaintiff crossed the spur and noticed a box car thereon at the side of the feed mill. After he crossed the spur he drove to the main track and almost stopped about two feet from the closest track and then, "I gave it the gas to pull across." He testified he was almost at a complete stop, going something like 1 or 2 miles an hour. At this time defendant's train was approaching the crossing from plaintiff's right on the main line. When plaintiff was almost stopped within 2 feet of the crossing, he looked to his left but did not look to his right and did not know that the train was coming from that direction. Likewise, he testified that he didn't particularly listen for the train. As plaintiff crossed the track the collision occurred. Although plaintiff, in

his complaint, alleged that the box car obstructed his view, he did not hold to this position in his deposition. This is understandable, in that the position of the box car on the spur track could not obstruct the view of the plaintiff after he had crossed the spur. The photographs and the evidence clearly demonstrate that the main track was clear to plaintiff's right and that there was no reason why plaintiff could not have seen the train after he had crossed the spur, and in particular, after he came to almost a complete stop before entering on the main track.

 It is the law of Oregon that when a traveler approaches railroad tracks, and there is reasonable opportunity to do so, he must look and see what there is to be seen or be guilty of negligence which will bar his recovery. McNealy v. Portland Traction Co., 213 Or. 659, 666, 327 P.2d 410. This rule was most recently approved by that Court in Schwesinger, et al. v. Hebert, et al., 220 Or. 149, 158, 348 P.2d 249. A number of courts have recognized what is referred to as the "reasonable prudent man" test under such circumstances. This test has been rejected by the Oregon court. McNealy v. Portland Traction Co., supra; Schwesinger v. Hebert, supra. The "reasonable prudent man" test has been recognized by the Oregon court in railroad crossing accidents where the crossing is extremely hazardous by reason of obstructions. Fish v. Southern Pacific Co., 173 Or. 294, 143 P.2d 917, 145 P.2d 991; Doty v. Southern Pacific Co., 186 Or. 308, 207 P.2d 131. In Fish the Court places considerable weight on the fact that there was an absence of a zone of safety between the main and the spur tracks from which the plaintiff might have observed the approaching locomotive. Of course, the record in the present case conclusively demonstrates a zone of safety between the spur and the main line. In summary, the Oregon cases may be placed in two classifications: (1) Where the crossing is unobstructed and a clear line of vision is available to the traveler from a position of safety, and he looks and does not see, or does not look, such as here, he is precluded from recovery as a matter of law; and (2) If the line of vision of the traveler is obstructed and no zone of safety is available after passing the obstruction, he is not negligent as a matter of law in entering upon the tracks and in such case is governed by what a reasonable prudent person would do under similar circumstances. Under Oregon law, on the record now before the Court the plaintiff is precluded from recovery.

██ Plaintiff argues that the motion for summary judgment should be denied and that he should be permitted to present evidence on the subject at the time of the trial. What evidence plaintiff is going to present that he did look to his right is unexplained. If he produced a witness testifying that plaintiff turned his head to the right immediately before crossing the main line, it would then be obvious that he looked and did not see. Under the Oregon law, this would not improve his position. Morser v. Southern Pacific Co., 124 Or. 384, 262 P. 252.

██ It is suggested that the charge of contributory negligence in defendant's answer is denied and that such denial creates an issue which should go to trial. This contention finds some support in Hoffman v. Babbitt Bros. Trading Co., 9 Cir., 1953, 203 F.2d 636, Cox v. American Fidelity & Casualty Co., 9 Cir., 1957, 249 F.2d 616, and others. However, in 1954 our Circuit, in Byrnes v. Mutual Life Insurance Company of New York, 217 F.2d 497, returned to the position it announced in Kam Koon Wan v. E. E. Black, Limited, 9 Cir., 1951, 188 F.2d 588, and other earlier cases, in holding that if the testimony presented on the motion for summary judgment was such that a directed verdict should be granted, then the Court is justified in allowing the motion. Our Circuit has adhered to this rule in Dam v. General Electric Co., 9 Cir., 1958, 265 F.2d 612 and Duarte v. Bank of Hawaii, 9 Cir., 1961, 287 F.2d 51. A splendid report on this subject was presented by George Reed Carlock to the 1961 Judicial Conference of the

Ninth Circuit in Portland, Oregon on July 14, 1961. The guiding light on the "directed verdict" theory is the opinion of Judge Learned Hand in Radio City Music Hall Corporation v. United States, 2 Cir., 1943, 135 F.2d 715.

Since on the same record at a trial I would be compelled to allow a motion for a directed verdict,[1] I have no alternative other than to allow defendant's motion for summary judgment.

1. A material issue of fact, which would prevent the allowance of a motion for directed verdict, was involved in Cameron v. Vancouver Plywood Corporation, 9 Cir., 1959, 266 F.2d 535.