244 So.2d 842

**Gerard H. WATTIGNY**

**v.**

**STATE of Louisiana.**

**No. 51027.**

Feb. 24, 1971.

———◆———

Jack P. F. Gremillion, Atty. Gen., Thomas W. McFerrin, Kenneth C. DeJean, Asst. Attys. Gen., for defendant-appellant.

Armentor, Wattigny & Decuir, Minos H. Armentor, Gerard B. Wattigny, New Iberia, for plaintiff-appellee.

Durrett, Hardin, Hunter, Dameron & Fritchie, Wallace A. Hunter, Baton Rouge, for intervenor.

BARHAM, Justice.

Gerard H. Wattigny, sheriff of the Parish of Iberia, brought this suit for declaratory judgment in the Sixteenth Judicial District Court for that parish, attacking as unconstitutional a portion of Act 109 of 1969. That act, which amended and reenacted R.S. 33:1421, purported to set uniform salaries based upon parish population for the various sheriffs throughout the State of Louisiana, with the exception of Orleans Parish.* The case was submitted by all parties under a motion for summary judgment upon the pleadings and affidavits, which include the evolution of the legislation from a house bill into an act. The district court held that the portion of this act which attempted to eliminate plaintiff from the uniform pay schedule was unconstitutional. The State appealed to this court under the provisions of Article 7, Section 10(2).

Article 7, Section 73, of the Constitution of 1921 permits the Legislature of this state to fix the salaries of the sheriffs throughout the State of Louisiana. By act and amendment the Legislature has over the years fixed the salaries for these officers in varying amounts. Act 109 of 1969 provides in the title:

"To amend and re-enact Sub-section A of Section 1421 of Title 33 of the Louisiana Revised Statutes of 1950, *to provide for compensation of sheriffs* and ex officio tax collectors of the various parishes, Orleans excepted, *based upon applicable parish population* as fixed by the United States census." (Emphasis here and elsewhere supplied.)

* We take judicial notice that in Orleans Parish there are both a civil sheriff and a criminal sheriff who are separate and distinct constitutional officers from the other sheriffs in the state, with different functions and modes of compensation, and who must for that reason be excepted from the act.

Section 1(A) reads:

*"Sheriffs* and ex officio tax collectors *of the various parishes,* Orleans excepted, *shall receive an annual compensation* for all services required of them by law *based on the applicable population of the respective parishes,* according to the latest United States census * * *."

The act then lists 10 parish classifications by population and the salary to be received by the sheriffs of the parishes in each classification. The fifth classification (which would include Iberia Parish) sets a population range of between 50,000 and 75,000 and a salary for sheriffs in parishes within that range of $17,500.00. However, an amendment was tacked on by the Senate to the bill, which had originated in the House, as follows:

"* * * provided, however, that the sheriff and ex-officio tax collector in and for Iberia Parish shall receive an annual compensation of Thirteen Thousand Two Hundred Dollars per annum; provided, however, that commencing with the sheriff elected in 1972, and thereafter said sheriff's salary should be governed by the provisions of Subsection A of Section 1421 of Title 33 of the Louisiana Revised Statutes of 1950."

It is the complaint of the petitioner that this amendment to the bill, which became a provision of the act as finally passed, is discriminatory, arbitrary, and unreasonable in classification and therefore unconstitutional under the Equal Protection Clause of the United States Constitution, Fourteenth Amendment. The plaintiff first attacked the constitutionality of the entire act, but by supplemental petition he attacks only this provision. He urges, along with intervenor, the Louisiana Sheriffs' Association, Inc., that the provision, though unconstitutional, is severable from the remainder of the act; that therefore only the provision attacked should be declared unconstitutional, and the remainder of the act upheld. The district court gave judgment in accord with these prayers.

Acts of the Legislature are presumed to be constitutional, and acts which afford protection, privilege, or right to one class are assumed to be reasonable in their classification of those who are affected. However, statutory classification cannot be unfairly discriminatory or irrational, but must bear a reasonable relationship to the ends sought to be accomplished by the act and cannot be founded upon arbitrary and capricious bases. Hayes v. Missouri, 120 U.S. 68, 7 S.Ct. 350, 30 L.Ed. 578 (1887); Truax v. Corrigan, 257 U.S. 312, 42 S.Ct. 124, 66 L.Ed. 254 (1921); Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957); State v. Gantz, 124 La. 535, 50 So. 524 (1909); State v. Chisesi, 187 La. 675, 175 So. 453 (1937). Here the Legislature has stated in the title of its

act that it proposes to provide compensation for the sheriffs in Louisiana, Orleans Parish excepted, based upon the parishes' population as fixed by the last United States census. The Legislature has repeated in the body of the act that the sheriffs "of the various parishes, Orleans excepted," *shall* be compensated according to the populations of their respective parishes.

■ The Legislature may resort to a consideration of population alone as a proper criterion for establishing salaries for sheriffs of the various parishes in this state. Harwood v. Wentworth, 162 U.S. 547, 16 S.Ct. 890, 40 L.Ed. 1069 (1896); State ex rel. Buford v. Daniel, 87 Fla. 270, 99 So. 804 (1924); Shelton v. Reeder, Fla., 121 So.2d 145 (1960). Population is certainly a great factor in the workload and responsibility of the sheriffs as criminal officers, as tax collectors, and as servers of process for the courts. Uniformity of salary based upon a reasonable attempt to classify according to degree of responsibility is fair, just, and even desirable. To classify sheriffs under such a criterion is valid, nondiscriminatory, and reasonable under the stated purpose of the act.

What is so striking, so apparent, in the act under study is that in the classification there is a further classification, or, if you would, a de-classification, consisting of one sheriff. The provision complained of sets apart from all others of his class, his group, this one plaintiff. The provision makes inapplicable to him alone the privileges accorded to all others similarly situated. Furthermore, the provision making the exception declares that the one succeeding to plaintiff's office in the next general election after the effective date of the act shall be compensated according to the general classification and no longer set apart and excepted from the uniform application of the act. The salary fixed for plaintiff in the exception conflicts with the title of the act since it bears no relation to population. The provision not only fails to carry out the purpose stated within the act but is in direct opposition to that purpose.

■ Classification or differentiation of an unusual character, quality, and especially quantity should be carefully scrutinized to determine whether it is obnoxious to the equal protection guarantee. Louisville Gas & Electric Co. v. Coleman, 227 U.S. 32, 48 S.Ct. 423, 72 L.Ed. 770 (1928); Morey v. Doud, supra. Such a differentiation requires an examination to determine whether the classification has a fair or substantial relationship to the object of the legislation and whether all those similarly situated are to be treated alike under the legislation. The provision here under consideration, which confines its operation to one alone and deprives him of the

benefit accruing to all others similarly situated, is not in accord with the purpose of the act and is arbitrary.

While the Legislature may make laws applicable on a differential basis, that differentiation must bear a reasonable relationship to the purpose to be accomplished by the act. The denial of the equal protection of the laws consists here of the irresponsible and unreasonable discrimination between those included and the one excluded. This discrimination is in fact antithetical to the object of the act. Therefore the one who has been excluded from the protection of the law, the privilege granted here, is in an non-differentiable class and is the victim of arbitrary, capricious discrimination and an unconstitutional denial of the equal protection of the laws. The provision is unconstitutional on its face, in contravention of the object of the act as stated in its title and contrary to the purpose of the act as reflected by a reading of the whole. The unconstitutional classification may be gathered from the provision itself, for while it denies the benefits of the act to this plaintiff, it states that the benefits shall inure to plaintiff's successor in office.

■ Even when there is no saving clause in an act, the fact that a portion of the act is invalid does not of itself confer upon the court the absolute right to declare

the entire statute invalid. The unconstitutional part of a statute may be disregarded and the remainder constitute a valid statute if their connection does not raise a presumption that the Legislature would not have enacted the statute without the invalid provision. Here, when we test the act under consideration for severability, we find: The tainted provision is not within the scope of the stated purpose of the act; the purpose of the Legislature will be accomplished without the invalid clause; the part which remains can stand as a complete and purposeful act when the unconstitutional clause is rejected and stricken; and the Legislature would have passed the act so as to accomplish its purpose without the deleted clause. Ricks v. Close, 201 La. 242, 9 So.2d 534 (1942); State v. Gantz, supra; Airey v. Tugwell, 197 La. 982, 3 So.2d 99 (1941). We are of the opinion that the provision which we have found to be unconstitutional is severable, and that the remainder of the act, which is not subject to the claim of unconstitutionality raised here, may be maintained without the deleted provision.

We therefore declare unconstitutional the provision excepting the sheriff and ex-officio tax collector for Iberia Parish from the effect and benefit of Act 109 of 1969. The remainder of that act continues in full force and effect. The judgment is affirmed.

DIXON, J., concurs with written reasons.

DIXON, Justice (concurring):

I concur in the result.

However, I cannot subscribe to the view that the legislative act in this case is unconstitutional as a denial of "equal protection of the laws."

The legislature, it is true, has "discriminated" against the plaintiff. I am unable to determine that there is a constitutional provision against such discrimination.

However, it does appear that this legislation is local and special legislation, affecting the Parish of Iberia in a way that no other parish is treated. The act in question is probably defective and unconstitutional as violative of Louisiana Constitution Article IV, Section 6. Nowhere in the legislative act is there a recitation that notice was given as required by this section of the Constitution. Plaintiff alleged this deficiency as an alternative basis of unconstitutionality. A holding by this court that the act is unconstitutional as legislation local to the Parish of Iberia, enacted without complying with the mandatory requirements of Louisiana Constitution Article IV, Section 6, would, in my opinion, be much sounder than holding the act unconstitutional as a denial of equal protection.