Dear Mr. Murray:
You have requested an opinion of the Attorney General regarding the provisions of R.S. 13:761 which establishes the "Clerks' Supplemental Compensation Fund" (Fund). You specifically ask whether Section 761 applies to all district court clerks in the state. You further ask whether its provisions apply to any criminal district court clerks.
R.S. 13:761 was enacted by Act No. 395 of the 1987 Regular Session of the Louisiana Legislature. As originally enacted, Section 761(F) specifically excepted eight parishes, including Orleans, from its provisions.
Paragraph (F) was later repealed by Act No. 157 of 1992. It is our understanding that the district court clerks of all parishes within the State participate in the Fund, with the exception of the Clerks of the Civil and Criminal District Court in Orleans Parish (Orleans Parish Clerks). Since all other district court clerks can, and do, participate in the Fund, we will limit our opinion to the legal authority for participation by the Orleans Parish Clerks.
The Fund is comprised of moneys transferred by each participating clerk from his or her salary fund account to the Clerks' Supplemental Salary Fund Board, which in turn deposits same into the Fund. The moneys transferred are currently calculated at the rate of $8.00 for every original civil suit filed. This dollar amount reflects adjustments made pursuant to R.S. 13:761(E), based on percentage increases in the Consumer Price Index.
As previously noted, the Orleans Parish Clerks have never participated in the Fund and, accordingly, have never remitted any moneys thereto.
Section 761 is found in Chapter 4 of Title 13 of the Louisiana Revised Statutes, entitled "DISTRICT COURTS — ORLEANS EXCEPTED". Chapter 4 is comprised of Sections 471 through 1000.1, which obviously includes Section 761. Section 471 provides as follows:
 § 471. Scope of Chapter 4
 The provisions of R.S. 13:472 through 13:967 inclusive shall not apply to the district courts of Orleans parish, except as provided in Title 13, Chapter 5.
Title 13, Chapter 5, comprised of Sections 1001 through 1381.4, is entitled "DISTRICT COURTS, PARISH OF ORLEANS", and contains the statutory provisions relating to the Orleans Parish Clerks. As you are aware, Orleans Parish is the only parish with a judicial system that is bifurcated into separate civil and criminal district courts, each having its own clerk. As can be gleaned from Section 471, the provisions of Chapter 4, including Section 761, are applicable to the Orleans Parish Clerks only if the provisions of Chapter 5 so provide.
R.S. 13:1212 provides with respect to the salary of the Orleans Parish Clerk of the Civil District Court, in pertinent part, as follows:
 § 1212. Salary
 A. The clerk of the civil district court shall receive a salary as established in R.S. 13:782(A) based on the applicable population of the parish according to the latest United States census, $10,000 of which shall be payable by the state and the remainder of which shall be payable out of the judicial expense fund beginning with Fiscal Year 1997-1998 and each fiscal year thereafter.
 B.(1) Louisiana Clerks of Court Certification program, as established pursuant to R.S. 13:782(I) and (J), shall apply to the Clerk of the Civil District Court for the parish of Orleans.
 (2) In addition to those persons eligible pursuant to R.S. 13:782(I) (3) and 1371.1(B) (2), the person holding the office of clerk of the Civil District Court for the parish of Orleans shall be eligible for participation in the clerks of court certification program.
R.S. 13:1371 provides with respect to the salary of the Orleans Parish Clerk of the Criminal District Court as follows:
 § 1371. Salary of clerk: payment
 The clerk of the criminal district court shall receive an annual salary as established in R.S. 13:782(A) based on the applicable population of the parish according to the latest United States census. This salary shall be paid by the City of New Orleans monthly beginning with Fiscal Year 1997-1998 and each fiscal year thereafter.
R.S. 13:1371.1 provides additional salary for the Criminal Clerk, in pertinent part, as follows:
 § 1371.1 Additional salary of clerk; expense allowance; payment
 A. In addition to salary payable to clerk of the criminal district court by the city of the New Orleans, he shall be paid by the city an expense allowance not to exceed ten percent of his annual salary.
 B. (1) The Louisiana Clerks of Court Certification program, as established pursuant to R.S. 13:782(I) and (J), shall apply to the clerk of the Criminal District Court for the parish of Orleans.
 (2) In addition to those persons eligible pursuant to R.S. 13:782(I) (3) and 1212(B) (2), the person holding the office of the clerk of the Criminal District Court for the parish of Orleans shall be eligible for participation in the clerks of court certification program.
The reference to the Louisiana Clerks' of Court Certification Program, established in R.S. 13:782(I) and (J), provides district court clerks with an opportunity to attain enhanced management and administrative skills. Upon successful completion and maintenance of the certification program, the clerks are eligible for a seven percent increase in base salary.
It is clear that the statutory provisions of Chapter 5 [i.e., R.S. 13:1212(B) (1) and (2) and R.S. 13:1371.1(B) (1) and (2)] provide the exception contemplated by R.S. 13:471 to authorize the Orleans Parish Clerks to participate in the Louisiana Clerk's of Court Certification Program established by R.S. 13:782(I) and (J) found in Chapter 4.
A review of the statutes comprising Chapter 5 reveals no reference whatsoever to the Fund and/or R.S. 13:761, and its applicability to the Orleans Parish Clerks. In this regard, we believe the following legal principles of statutory construction are applicable:
 § 1:3 Words and phrases; how construed
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 The word "shall" is mandatory and the word "may" is permissive. (La. R.S.)
 § 1:4 Unambiguous wording not to be disregarded
 When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit. (La. R.S.)
 Art. 9. Clear and unambiguous law
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. (La. Civil Code)
 Art. 11. Meaning of words
 The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter. (La. Civil Code)
R.S. 13:471 unequivocally states that the provisions of Chapter 4, which include Section 761, shall not apply to Orleans Parish, except as provided in Title 13, Chapter 5. Title 13, Chapter 5 does not afford an exception as contemplated by Section 471 for the availability of the Fund to the Orleans Parish Clerks. Under the rules of statutory construction set forth hereinabove, we opine that, in the absence of enabling legislation, there is currently no legal authority for the Orleans Parish Clerks to participate in the Fund. Although classification and organization of Sections of the Revised Statutes, and the headings to those Sections, do not constitute part of the law, nonetheless they have been held to provide some aid in interpreting legislative intent. State v. Mallet, 704 So.2d 958 (La.App. 3rd Cir. 1997).
We further direct your attention to the case of Wattigny v.State, 244 So.2d 842 (La. 1971), wherein our Supreme Court addressed the issue of the constitutionally of an amendment to R.S. 33:1421, relating to the compensation of sheriffs. The amendment established a salary schedule for sheriffs based upon the population of their respective parishes. It contained a provision which excluded the Iberia Parish Sheriff from the schedule. The Court concluded that the amendment was an unconstitutional denial of equal protection. The concurring opinion of Justice Dixon concluded that the sounder view was that the amendment was unconstitutional because it was local and special legislation which was adopted without the proper advertisement and recitation required by Article III, Section 13
of the Louisiana Constitution of 1974.
In Attorney General Opinion No. 87-509, we were requested to examine the provisions of R.S. 13:761(F). Therein, we concluded that Paragraph (F), under the doctrine of Wattigny, was subject to constitutional challenge. As previously noted, Paragraph (F) was subsequently repealed in 1992. We bring this case to your attention for consideration in the event proposed legislation regarding the Fund is contemplated for introduction during the coming legislative session. I have been advised by Eugene Dunn, the Caldwell Parish Clerk of Court, and Administrator of the Fund, that he would be more than happy to assist you or a member of your staff, if necessary, in the preparation of enabling legislation for the coming legislative session.
In summary, it is the opinion of this office that the law, as presently written, does not authorize participation in the Clerks' Supplemental Compensation Fund to the Clerks of the Civil and/or Criminal District Courts for Orleans Parish.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III/sfj