QUALITY FURNITURE, INC., dba WIGWAM FURNITURE STORE, Plaintiff-Appellant, *v.* JERRY HAY, Individually, JERRY HAY, INC., PACIFIC INSURANCE COMPANY, et al., Defendants-Appellees

NO. 6149

MAY 31, 1979

RICHARDSON, C.J., OGATA, MENOR, JJ.,
AND CIRCUIT JUDGE FUKUSHIMA, IN PLACE OF
KIDWELL, J., DISQUALIFIED*

OPINION OF THE COURT BY RICHARDSON, C.J.

Quality Furniture, Inc., doing business as Wigwam Furniture Store, brought a negligence action against Jerry Hay, individually,[1] Jerry Hay, Inc., Pacific Insurance Co.,[2] et al.,[3]

---

* Justice Kobayashi, who heard oral argument in this case, retired from the court on December 29, 1978. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

[1] Jerry Hay died before trial. By stipulation of the parties, First Hawaiian Bank, executor, was allowed to substitute as representative of his estate.

[2] Jerry Hay, Inc. procured fire insurance from Pacific Insurance Co. for Quality Furniture. Pacific Insurance Co. was joined on the theory that Jerry Hay and Jerry Hay, Inc. were acting as its agent. At trial, a motion to dismiss was granted for failure to show an agency. Appellant's opening brief contends that there was an agency. However, this court granted Pacific Insurance Co.'s appellate motion to dismiss.

[3] The plaintiff joined unnamed defendants but they were never named. Thus, in this opinion, the appellees are Jerry Hay and Jerry Hay, Inc.

for failure to procure insurance. The trial court, sitting without a jury, found for the defendants.

We affirm.

Jerry Hay was a salesman and president of Jerry Hay, Inc., an insurance consulting firm. For several years before 1969, Jerry Hay provided insurance services for William Stone, the vice-president and executive officer of Quality Furniture. Through this contact, Jerry Hay solicited and obtained Quality Furniture's business. Immediately thereafter, on November 10, 1969, Jerry Hay, Inc., procured fire insurance for Quality Furniture's three warehouses and three stores.

On November 19, 1969, Quality Furniture leased another warehouse which was located on Sand Island. Jerry Hay, Inc. procured casualty and workers' compensation insurance for this warehouse but for various reasons it did not procure fire insurance.

On June 14, 1970, one of the insured warehouses burned down. A few days later, another of the insured warehouses burned down, and on July 16, 1970, the Sand Island warehouse burned down.

The fire insurance policy had a monthly report requirement of the value of merchandise in each warehouse and of any change of location. The reporting provision in the policy stated:

> At the time of any loss, if the insured has failed to file with this company reports of values as above required, this policy, subject otherwise to all its terms and conditions, *shall cover only at the locations* and for not more than the amounts included in the last report of values less the amount of specific insurance reported, if any, filed prior to the loss, and further, if such delinquent report is the first report of values herein required to be filed, liability shall be limited to 90 per cent of the amount for which this company would otherwise be liable. If the inception date of this policy is the last day of the calendar month, then the first report of values due shall show the total actual cash value as of that day. (Emphasis added).

Stone testified that he gave Jerry Hay the responsibility of caring for Quality Furniture's insurance needs but that any major increase in insurance coverage would have to go through him. Stone never asked Jerry Hay to procure insurance on the Sand Island warehouse.

A written statement by Jerry Hay, which was in evidence, stated that he knew of the Sand Island warehouse but he was unaware that it had merchandise stored in it. Without this information, he would never have procured fire insurance. Stone testified that he and Hay walked in the warehouse and they saw merchandise there.

Regarding the monthly reports, Kiyosei Akamine, the bookkeeper of Quality Furniture, testified that he knew of the reports but never read the policy. Tay Wright Perry, vice-president of Jerry Hay, Inc., testified that he warned Quality Furniture repeatedly to submit the reports.

Two memoranda from Perry to Quality Furniture were submitted in evidence which warned Quality Furniture to submit the reports. Furthermore, Toshiwo Yamada, office manager of Quality Furniture, testified that it was the bookkeeper's responsibility to inform the insurance agent of new locations and to fill out the reports.

Ralph Saxton, the General Adjustment Service's adjuster for Pacific Insurance Company assigned to these fires, testified that after the first fire he talked to Akamine about the missing reports. Akamine said that the company would take the 10 per cent penalty but that in the future more care would be taken to comply with the requirements of the policy. Saxton also went over the policy with Akamine. Saxton particularly warned of the section of the policy that stated that all locations must be listed on the policy. Akamine was also shown the list of locations covered. The Sand Island warehouse was not on the list yet Akamine did not mention its absence to Saxton.

The trial court made the following findings of fact and conclusions of law:

Jerry Hay and Jerry Hay, Inc. were the insurance agents of Quality Furniture and it relied on their expertise to care for its insurance needs.

Jerry Hay knew of the Sand Island warehouse but was not aware that it contained merchandise. Furthermore, no one asked Jerry Hay to procure the fire insurance.

Quality Furniture knew of the monthly report requirement but failed to comply despite repeated requests. Quality Furniture's employee, Akamine, knew that Sand Island warehouse was not covered by the policy one month before the fire but failed to act upon such knowledge.

Based on these findings of fact, the trial court concluded that Jerry Hay and Jerry Hay, Inc. were not negligent in failing to procure fire insurance for the Sand Island warehouse. We affirm.

The sole issue on appeal[4] is whether the trial court erred in finding Jerry Hay and Jerry Hay, Inc. not negligent for failure to procure fire insurance on the Sand Island warehouse.

The appellant contends that the appellees negligently breached the duty owed by appellees to appellant by failing to procure the disputed insurance coverage. We disagree.

Negligence can result from a failure to act as well as from affirmative acts. In *Blyth v. Birmingham Waterworks Co.*, 156 Eng. Rep. 1047 (1856) the court said:

> Negligence is the omission to do something which a reasonable man, guided upon those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a prudent and reasonable man would not do.

In *Fujioka v. Kam,* 55 Haw. 7, 514 P.2d 568 (1973), this court recognized a similar duty. We said at 55 Haw. 10:

> Under the common law, one who suffers injuries has a claim for relief, or a cause of action in tort, against another who owed the injured party a duty but failed to do what a reasonably prudent person would have done, or did what a reasonably prudent person would not have

---

[4] The appellant also raised issues of breach of contract, promissory estoppel and misrepresentation. However, the appellant did not argue these points in its briefs. Thus, these points were waived on appeal. Ala Moana Boat Owners' Ass'n v. State, 50 Haw. 156, 157-159, 434 P.2d 516, 517-518 (1967).

done under the circumstances, providing that such omission or commission is the proximate cause of the injuries suffered. *Pratt v. Daly,* 55 Ariz. 535, 104 P.2d 147 (1940).

In the instant case, the appellees, as insurance agents, agreed to provide help and advice to the appellants regarding appellant's insurance needs.

An insurance agent owes a duty to the insured to exercise reasonable care, skill and diligence in carrying out the agent's duties in procuring insurance. *Butler v. Scott,* 417 F.2d 471 (10th Cir. 1969); *Karam v. St. Paul Fire & Marine Insurance Co.,* 265 So.2d 821, *aff'd,* 281 So.2d 728 (La. App. 1972); *Hellbaum v. Burwell and Morford,* 1 Wash. App. 694, 463 P.2d 225 (1969). The dispute here is the extent of the responsibilities that the appellees had as insurance agents in rendering help and providing advice to the appellant. As evidenced by the different results reached in *Hardt v. Brink,* 192 F. Supp. 879 (W. D. Wash. 1961), and *McCall v. Marshall,* 398 S.W.2d 106 (Tex. 1965), each case turns on its own facts.

In *Hardt v. Brink, supra,* the defendant was the plaintiff's exclusive insurance agent for eight years. The plaintiff described his business to the defendant and he procured the necessary insurance. The plaintiff leased a building and informed the defendant of the transaction. The defendant did not procure insurance on the building. The building burned down. The court held the agent liable because the parties' course of dealing led the plaintiff to justifiably rely on the defendant under the circumstances.

In *McCall v. Marshall, supra,* the agent obtained insurance for the plaintiff's used car lot. Later, the plaintiff informed the agent that he had opened another location but he did not request the agent to include this location in his insurance policy. A fire damaged the new lot. The court held that the agent was not negligent because the insured did not ask for extended coverage and in prior dealings the agent had not taken care of the customer's needs without the customer first consulting the agent.

In the instant case, Jerry Hay and Jerry Hay, Inc. were Quality Furniture's insurance agents for only a few months before the Sand Island warehouse was leased. Although

Quality Furniture relied on the appellees' expertise, they could not procure additional insurance without the permission of Quality Furniture's vice-president William Stone. Furthermore, Quality Furniture did not submit the report forms which were requested and which would have informed appellees of the new storage location. Lastly, Quality Furniture's bookkeeper knew that the warehouse did not have fire insurance and failed to act to get insurance. Under these circumstances, the trier of fact did not err in finding Jerry Hay and Jerry Hay, Inc. not negligent.

Affirmed.

*Leland H. Spencer (Kelso, Spencer, Snyder & Stirling,* of counsel) for Plaintiff-Appellant.

*Dennis E. W. O'Connor* and *James K. Tam (Hoddick, Reinwald, O'Connor & Marrack,* of counsel) for Defendants-Appellees.