GLORY P. BAMBICO, Plaintiff-Appellant, *v.* VICTOR B. PEREZ, JR., and TERESITA E. PEREZ, Defendants-Appellees

NO. 6594

CIVIL NO. 48700

JULY 20, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* The parties to an unperformed residential sales transaction each claimed entitlement to the Buyer's $16,000 down payment. After a bench trial, the lower court required the Sellers to return $4,000 but allowed them to keep $12,000. The Buyer appeals claiming entitlement to the entire $16,000. We hold in favor of the Buyer.

By Initial Payment Receipt and Contract (IPRC) dated November 26, 1973, Defendants-Appellees Mr. and Mrs. Perez (Sellers) agreed to sell and Plaintiff-Appellant Ms. Bambico (Buyer) agreed to buy the Perezes' Newtown Estates residence for $130,000 payable as follows:

$12,000 — Cash down payment

$48,000 — "[U]pon sale of buyers' home"

$70,000 — "By way of Agreement of Sale to be in force until financing is obtainable"

Occupancy was scheduled "at [the] convenience of both parties concerned."

Sometime in December 1973 and January 1974, the Buyer took occupancy, moved in her furniture, and paid $16,000 in cash. In April 1974 the Buyer, not having paid anymore consideration either in cash or by way of an agreement of sale, moved out and the Sellers moved back in. Sellers moved the Buyer's furniture to the downstairs living quarters. Also in April 1974, the Buyer entered into an agreement of sale for the sale of her Moanalua house. We do not know what cash, if any, she received from this transaction, but we know it did not provide her with the $44,000 she needed and that she did not make any payments to the Sellers other than the initial $16,000.

At some point thereafter, the Sellers, being unsuccessful in their attempts to have Buyer remove her furniture from the house, moved it under the house. Finally, in January 1976, they had a moving company move it and store it.

On June 28, 1976, the Buyer sued claiming the Sellers breached the contract and damaged her furniture. She prayed for the return of her down payment, damages, and attorney's fees. The Sellers counterclaimed alleging that the Buyer breached the contract. They prayed that they be allowed to keep the deposit as liquidated damages, for attorney's fees, and that Buyer be required to assume the expenses incurred in moving and storing the furniture. Neither party's pleadings dealt with the possibility that the IPRC was not a valid and enforceable contract. Sellers did not claim entitlement to reasonable rental value for the period of Buyer's occupancy.

The trial court found "that the parties never reached a complete agreement as to all terms. . . ." Although it admitted that the "burden of the losses suffered by the parties has not been shown with an [sic] exact figures," the trial court proceeded to divide the $16,000 in what it described as a "fair and equitable manner" by allowing the Sellers to keep $12,000 but requiring them to return $4,000 to Buyer. By necessary implication, the court's decision denied Buyer's claim for damages to her furniture. We cannot say for sure what the court's decision was on Sellers' request that Buyer assume the moving and storage expenses.

Buyer appeals claiming that she is entitled to a return of all of her $16,000 deposit. She does not appeal the court's denial of her claim

for damages to her furniture.

The general issue is whether the November 26, 1973, IPRC is a valid and enforceable contract. This issue is a question of law, *American Security Bank v. Read Realty, Inc.*, 1 Haw. App. 161, 616 P.2d 237 (1980), which is governed by the rules stated in *Sing Chong Company, Limited, v. Kaneshiro*, 1 Haw. App. 236, 617 P.2d 578 (1980). The specific issue is whether the IPRC contains complete and certain essential terms, for if it does not, it is not a valid and enforceable contract.

We agree with the lower court's implicit conclusion that the IPRC does not contain complete and certain essential terms. Certainly the $70,000 agreement of sale is an essential term. Yet, we do not know its essential terms. The IPRC does not tell us its payment structure or its rate of interest nor does it specify a method by which we may determine these unknowns. These uncertainties make the IPRC invalid and unenforceable.[1]

There being no valid and enforceable contract, the Buyer is entitled to the return of all of her cash payment except to the extent that the Sellers have valid and enforceable setoffs. 66 AM. JUR. 2d *Restitution and Implied Contracts* § 7 (1973).

On appeal, all Buyer asked for was the return of her $16,000. She did not raise the lower court's failure to award her any compensation for damages to her furniture. Because of her acquiescence, we hold that she has waived or abandoned that claim. *Quality Furniture, Inc. v. Jerry Hay*, 61 Haw. 89, 595 P.2d 1066 (1979); *Ala Moana Boat Owners v. State*, 50 Haw. 156, 434 P.2d 516 (1967); *Internat. Trust Co. v. Suzui*, 31 Haw. 34 (1929).

The remaining issue involves the Sellers' request that the Buyer be required to assume the expenses incurred in moving and storing the furniture. On the record before us, we are unable to dispose of this issue and must send it back to the trial court for resolution.

Consequently, we reverse the lower court's judgment and remand this case to the trial court for further proceedings consistent with this opinion.

---

[1] There is no need for us to and we do not decide whether any other of the IPRC's essential terms also contain undeterminable uncertainties sufficient to make the IPRC invalid and unenforceable.

*Randy Y. F. Hew,* on the briefs, for plaintiff-appellant.
*Robert A. Franklin,* on the brief, for defendants-appellees.