**WASHINGTON'S ARMY, Debra Hafemeister, Bill Hearn, Marilee Koszewski, and Sharyl Seese, Appellants,**

v.

**CITY OF SEWARD and Jean Lewis, City Clerk, Appellees.**

No. S–12350.

Supreme Court of Alaska.

April 25, 2008.

Individual Appellants Debra Hafemeister, Bill Hearn, Marilee Koszewski, and Sharyl Seese, pro se, Seward.

Cheryl A. Brooking, Wohlforth, Johnson, Brecht, Cartledge & Brooking, Anchorage, for Appellees.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, and CARPENETI, Justices.

*OPINION*

EASTAUGH, Justice.

## I. INTRODUCTION

Citizens seeking a public vote on a locally controversial plan to vacate part of Washington Street in Seward filed with the City of Seward clerk an application for a referendum petition. The clerk denied their application.

Because there was no city council action to refer to the voters, the clerk did not err in denying the petition on the ground the vacation could not be challenged by referendum. We therefore affirm the superior court judgment that dismissed the citizens' complaint challenging the clerk's denial of their application.

## II. FACTS AND PROCEEDINGS

The City of Seward, the National Park Service, and the U.S. Forest Service cooperated in planning construction of a proposed multi-agency facility in Seward known as the Mary Lowell Center. The proposed center would provide administrative offices and visitor services for the National Park Service and U.S. Forest Service and a conference facility for use by those agencies, the city, and the public. Because the building plans for the center called for vacating part of Washington Street, the National Park Service asked the city to vacate Washington Street between Fourth and Fifth Avenues.

The City of Seward Planning and Zoning Commission passed a resolution in October 2005 recommending that the Kenai Peninsula Borough (KPB) approve the vacation request. The KPB Planning Commission approved the vacation request on November 28, 2005, and forwarded the proposed vacation to the Seward City Council with notice that "[t]he City Council has 30 days from November 28, 2005 in which to veto the decision of the [KPB] Planning Commission. If no veto is received from the Council within the 30-day period, the decision of the Commission will stand."

On December 12, 2005, the Seward City Council considered Resolution 2005–132, which, had it passed, would have vetoed the KPB Planning Commission's November 28 decision. The veto resolution received one vote in favor and three votes against; three council members were absent. Eight days later the council voted on a motion to reconsider its December 12 vote. By a vote of three to three, the motion to reconsider failed.[1]

---

1. In a February 2006 letter the city stated that the voting tally was three—two. The parties on appeal agree that this tally was erroneous and that the true tally was three—three, and thus still

In January 2006 several Seward citizens filed with the City of Seward clerk an application for a referendum petition. The proposed referendum would have asked Seward voters to repeal what the application described as "[t]he December 12, 2005 vote of the City Council on Resolution 2005–132 which affirmed partial vacation of Washington Street by the Kenai Peninsula Borough Planning Commission[ ] on November 28, 2005." The city clerk denied the petition application, stating that referenda are only available to challenge passed resolutions and that Resolution 2005–132 did not pass, and also that a conveyance of land is an "appropriation" and thus an invalid subject for referendum under the Alaska Constitution. The clerk's denial letter implicitly reasoned that the street vacation was a conveyance of land.

In March 2006 an entity called "Washington's Army" sued the city and the city clerk in superior court; the complaint sought declaratory and injunctive relief to require the clerk to certify the application for the referendum petition. The complaint described Washington's Army as "an association of individuals who are residents of the City of Seward, and who oppose the proposed vacation of a portion of Washington Street in Seward, Alaska." The only members of Washington's Army the complaint identified were Debra Hafemeister, Bill Hearn, Marilee Koszewski, and Sharyl Seese.

The superior court denied the plaintiffs' request for a temporary restraining order or a preliminary injunction. The court reasoned that vacating a street is an appropriation of city assets and that, per the Alaska Constitution, referenda cannot be used to repeal appropriations of city assets.

Washington's Army then filed with this court an emergency motion for injunctive relief. We denied that motion, and on the same day the superior court entered final judgment for the defendants.

Washington's Army and Debra Hafemeister and the other individual plaintiffs appeal the superior court's denial of their request for declaratory and injunctive relief.[2]

## III. DISCUSSION

### A. Standard of Review

Appellant Hafemeister makes two main arguments on appeal. First, she argues that the superior court erroneously held that the city council consented to the vacation by operation of law. Second, she argues that the proposed referendum will be constitutional because a street vacation is not an appropriation. In addition to responding to Hafemeister's arguments, the city argues that Washington's Army as an entity lacks standing to sue.

■ These arguments raise questions of law subject to our independent review.[3] In reviewing questions of law, we will "adopt the rule of law that is most persuasive in light of precedent, reason, and policy."[4]

---

one vote shy of the four votes needed to pass the reconsideration motion.

**2.** As discussed in Part III.B, Washington's Army as an entity does not have standing to sue or appeal. The complaint alleged that Washington's Army was "an association of individuals who are residents of the City of Seward, and who oppose the proposed vacation." The plaintiffs were represented by counsel in the superior court. After entry of judgment, counsel commenced this appeal and then withdrew. Robert Linville, who is not an admitted lawyer, wrote the appellants' opening and reply briefs. The captions of those briefs list the appellants as Washington's Army, Debra Hafemeister, Bill Hearn, Marilee Koszewski, and Sharyl Seese. When the issue of standing arose on appeal, the individual named appellants (Hafemeister, Hearn, Koszewski, and Seese) each signed a no-

tice joining in and adopting the briefs filed by Linville. Because Linville was not one of the individual plaintiffs or appellants and because Washington's Army does not have standing, we will refer collectively to the plaintiffs and appellants by the name of the lead appellant, Hafemeister. When required by context, we will sometimes refer to the citizens collectively as Washington's Army, or as "the citizens."

**3.** *Alaska Legislative Council v. Knowles,* 86 P.3d 891, 893 (Alaska 2004) (stating that constitutional issues present questions of law); *N. Kenai Peninsula Rd. Maint. Serv. Area v. Kenai Peninsula Borough,* 850 P.2d 636, 639 (Alaska 1993) (stating that the "question[ ] of standing to sue ... [is a] question[ ] of law").

**4.** *Knowles,* 86 P.3d at 893 (quoting *Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979)).

## B. Standing

■ An entity must have corporate status or possess the right to sue in order to have standing.[5] The ability to sue or be sued has traditionally centered on the ability of a party to be accountable for the process and results of legal proceedings.[6] Washington's Army, as an entity, lacks standing because it does not have a person or a legal entity that may be held responsible for the process and results of the legal proceeding and thus does not have the ability to sue or be sued.[7] Nonetheless, the individual citizens identified in the complaint as members of Washington's Army possess taxpayer-citizen standing and were therefore each eligible to sue individually.[8] Likewise, they each have standing to appeal the adverse judgment.[9]

## C. Validity of the Proposed Referendum Petition

■ The proposed referendum petition was potentially problematic for two main reasons. First, if there was no action by the Seward City Council, there was nothing for city voters to repeal. Second, if vacating the street was an appropriation, the referendum would be invalid because a referendum may not repeal an appropriation.

We address only the first reason because it is dispositive of the appeal. We therefore do not reach the issue of whether vacating Washington Street was an appropriation.

The citizens applied for the referendum petition for the stated purpose of asking Seward voters to repeal the December 12, 2005, vote of the Seward City Council "on Resolution 2005–132 which affirmed partial vacation of Washington Street by the Kenai Peninsula Borough Planning Commission[ ]." [10] The Seward City Charter contemplates a referendum from "any act" of the council.[11] Per the charter, official council action requires the vote of at least four council members.[12] The Seward City Code provides that "[t]he voters of the city, by referendum, may approve or reject any ordinance *passed* by the city council except as otherwise provided in this section." [13] As both sides agree here, even though the city council voted twice, it never passed an ordinance or a resolution regarding the vacation of Washington Street. Only if at least four members had voted for a particular result would the council have taken "official action" within the meaning of the city charter and the city code.[14] The council took no "official action" when it voted on December 12 because fewer than four votes were cast for either possible result. Because the council passed no ordinance or resolution regarding the vacation, it took no "action." The city's referendum provision therefore did not apply because there

---

**5.** *N. Kenai Peninsula Rd. Maint. Serv. Area,* 850 P.2d at 639 (citing *Waller v. Butkovich,* 584 F.Supp. 909, 925 (M.D.N.C.1984); *Meyer v. City & County of Honolulu,* 6 Haw.App. 505, 729 P.2d 388, 390 n. 1 (1986) *aff'd in part, rev'd in part,* 69 Haw. 8, 731 P.2d 149 (1986)).

**6.** *State v. Aleut Corp.,* 541 P.2d 730, 734–35 (Alaska 1975) (holding that plaintiffs had standing because they possessed "the requisite permanence to be held accountable for the proceeding").

**7.** *Id.* at 734–35.

**8.** *Trustees for Alaska v. State,* 736 P.2d 324, 329–30 (Alaska 1987). Taxpayer-citizen standing requires that the case be one of public significance, the plaintiff be appropriate, and the plaintiff capably and competently represent the position asserted. *Id.*

**9.** Although the individual citizens are no longer represented by an admitted attorney, their individual joinders in the briefs effectively make

them pro se appellants who have co-signed pro se briefs on appeal.

**10.** The citizens proposed asking voters to repeal the vote of the Seward City Council, not the vote of the KPB's action. The vote would have only been held in the city, not borough-wide.

**11.** Seward City Charter § 4.6 states that "[a] Code provision may be initiated or a referendum may be had on any act of the council in the manner and subject to the limitations as set forth by law or in the Code."

**12.** Seward City Charter § 3.5(m) requires "[t]he vote of at least four [council] members ... for official action by the council." *See also* Seward City Code (SCC) 02.10.040(b) (1980) ("The vote of at least four members shall be required for official action by the council, unless a larger majority is required by law.").

**13.** SCC 04.15.010(a) (1986) (emphasis added).

**14.** *Id.*

was no city council action to refer to the voters. The city clerk did not err in denying the application for a referendum petition on this ground.

## IV. CONCLUSION

Because the city council did not take action, nothing could be referred to the voters and the clerk did not err in denying the petition. We therefore AFFIRM the superior court judgment dismissing the citizens' complaint challenging the clerk's denial of the petition application.

BRYNER, JUSTICE, not participating.