JAMES MEYER, ABEL WOOD, JR., FRANCIS PUSTKA, and P&S PACIFIC INC., Petitioners-Appellants, *v.* CITY AND COUNTY OF HONOLULU, HONOLULU POLICE DEPARTMENT, FRANCIS KEALA, MODESTO RAMOS, JR., and ROBERT BURNS, Respondents-Appellees

NO. 10705

(CIVIL NO. 72056)

DECEMBER 30, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI
and WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal in a damage suit arising out of alleged police brutality. The appeal is taken from two orders granting partial summary judgment, an order denying plaintiffs' motion in limine and granting in part and denying in part defendants' motion in limine, and a judgment filed after a jury trial. The Intermediate Court of Appeals (ICA) affirmed the judgment.

Because the ICA held that HRE 404, in effect, overruled the decision of this court in *Feliciano v. City and County,* 62 Haw. 88, 611 P.2d 989 (1980), we granted certiorari.

On May 30, 1985, the trial judge granted an order in limine providing in part:

IT IS FURTHER ORDERED that Defendants' motion to exclude evidence regarding the alleged propensity for violence

of the individual Defendants is granted; Defendants' motion to exclude any prior complaints relating to alleged brutality is granted[.]

While we affirm the two orders of partial summary judgment and the rest of the order of May 30, 1985, we reverse as to the two portions just quoted.

On May 29, 1980, this court stated in *Feliciano, supra:*

[W]here in a civil action for assault there is an issue as to who committed the first act of aggression, evidence of the good or bad reputation of both plaintiff and defendant for peacefulness is also admissible. . . . [T]here is recognized a special need to know the dispositions of the parties so as to judge their probable acts.

62 Haw. at 92, 611 P.2d at 992.

On the same day, May 29, 1980, Act 164 of the Session Laws of Hawaii 1980, enacting the Hawaii Rules of Evidence, was approved by the governor, to take effect January 1, 1981. The ICA held that the ruling just quoted in *Feliciano* was abrogated by the adoption of HRE 404, so that character evidence was inadmissible in a civil assault case where the question was who committed the first act of aggression. The ICA held that because HRE 404(a) (1) stated:

Character evidence generally. Evidence of a person's character or trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same; . . .

it applied only in criminal cases since, in a civil case, the defendant was not "an accused" and the plaintiff was not "the prosecution".

While it is true that character evidence is more likely to become an issue in a criminal than a civil case, we think the ICA construed the terms "accused" and "prosecution" too narrowly and that *Feliciano, supra,* is still good law.

The ICA went on to hold that evidence of other wrongs or acts by the defendants were not admissible under HRE 404(b).

That section provides:

Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a

person in order to show that he acted in conformity therewith. It may, however, be admissible where such evidence is probative of any other fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident.

Again, we disagree with the ICA.

In the analogous homicide situation, where the contention is that the decedent was the aggressor, we have noted that:

"[T]here is no substantial reason against evidencing the character (of a deceased victim) by *particular instances of* violent or quarrelsome *conduct.* Such instances may be very significant; their number can be controlled by the trial court's discretion; and the prohibitory considerations applicable to an accused's character have here little or no force."

*State v. Basque,* 66 Haw. 510, 514, 666 P.2d 599, 602 (1983), *quoting* 1 Wigmore on Evidence § 198 (3d ed. 1940) (emphasis in original). The same considerations would apply in civil assault and battery cases. Such evidence may be admissible where the issue is the identity of the original aggressor.

Affirmed in part, and reversed in part and remanded for further proceedings consistent herewith.

*Fred Paul Benco* and *Darryl Miyahira* on the writ and supplemental brief for petitioners.

*James R. Aiona, Jr.,* Deputy Corporation Counsel, on the supplemental brief for respondents.