**HALE O KAULA CHURCH,
et al., Plaintiffs,**

v.

**THE MAUI PLANNING
COMMISSION; et
al., Defendants.**

and

**The United States of America,
Intervenor.**

No. CIV. 01–00615 SPK/KSC.

United States District Court,
D. Hawai'i.

Aug. 28, 2002.

Roman Storzer, Anthony Picarello, Derek L. Guabatz, Becket Fund for Religious Liberty, Washington, DC, Charles Hurd, Hurd & Luria, Honolulu, HI, for Plaintiffs.

James B. Takeyesu, Victoria J. Takeyesu, Madelyn S. D'enbeau, Dept. of Corp. Counsel, County of Maui, Wailuku, HI, for Defendants.

John P. Dellera, Dept. of Atty. Gen., Honolulu, HI, for State of Hawaii.

Adam Szubin, U.S. Dept. of Justice, Washington, DC, for Intervenor.

### *ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION*

SAMUEL P. KING, Senior District Judge.

On July 24, 2002, the Court held an evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction. The Court also heard argument on challenges to the constitutionality of certain of Plaintiffs' causes of action and took under submission written arguments regarding a motion for partial dismissal, which primarily concerned immunity issues.[1] This order ad-

---

**1.** Plaintiffs were represented by Charles Hurd, as well as Roman Storzer and Derek Gaubatz who are affiliated with The Becket Fund for Religious Liberty, a national organization specializing in litigating zoning issues on behalf of religious groups. The Maui County Defendants were represented by James Takayesu, Victoria Takayesu, and Madelyn D'Enbeau. The State of Hawaii was represented by John Dellera. Intervernor, the United States, was represented by Adam Szubin.

dresses only the Motion for Preliminary Injunction.[2] A further order regarding the other issues submitted on July 24, 2002, will be issued later. For the reasons set forth, Plaintiffs' Motion for Preliminary Injunction is DENIED.

## BACKGROUND AND DISCUSSION

The County of Maui Planning Commission on the recommendation of its Hearings Officer denied the application of Hale O Kaula, a religious organization, for a special use permit to expand the organization's religious activities on 5.85 acres of land off Anuhea Place at Pukalani owned by Hale O Kaula and currently classified for agricultural uses. Hale O Kaula then filed this action for, among other things, an order requiring the County of Maui to issue the permit.

Federal jurisdiction is derived from the Religious Land Use and Institutionalized Persons Act of 2000 (42 U.S.C. § 2000cc et seq.) ("RLUIPA") as well as the Civil Rights Act, 42 U.S.C. § 1983, which provides a federal cause of action for deprivation of constitutional and certain federal statutory rights.

Hawaii's land use laws are put in operation by the State Land Use Commission. The classification of the Pukalani land for agricultural use was part of an overall classification of all of the lands of the State by the State Land Use Commission. State statutes define the permissible uses on land classified as agricultural; such uses do not include any reference to religious activities.[3] The statutes then provide that

---

**2.** As emphasized at the hearing, only a "preliminary" injunction is at issue; decisions on the preliminary injunction would be open for reconsideration at the time of the hearing on a permanent injunction.

**3.** Haw.Rev.Stat. § 205–4.5 provides in pertinent part, as follows:

Permissible uses within the agricultural districts.

(a) Within the agricultural district all lands with soil classified by the land study bureau's detailed land classification as overall (master) productivity rating class A or B shall be restricted to the following permitted uses:

(1) Cultivation of crops, including but not limited to flowers, vegetables, foliage, fruits, forage, and timber;

(2) Game and fish propagation;

(3) Raising of livestock, including but not limited to poultry, bees, fish, or other animal or aquatic life that are propagated for economic or personal use;

(4) Farm dwellings, employee housing, farm buildings, or activity or uses related to farming and animal husbandry;

. . . .

[numerous other specific uses, but with no mention—negative or affirmative—of churches]

(b) Uses not expressly permitted in subsection (a) shall be prohibited, except the uses permitted as provided in sections 205–6 and 205–8[.]

In turn, Section 205–6 provides for "special use permits" as follows:

§ 205–6 Special permit.

(a) The county planning commission may permit certain unusual and reasonable uses within agricultural and rural districts other than those for which the district is classified. Any person who desires to use the person's land within an agricultural or rural district other than for an agricultural or rural use, as the case may be, may petition the planning commission of the county within which the person's land is located for permission to use the person's land in the manner desired. Each county may establish the appropriate fee for processing the special permit petition.

. . . .

(c) The county planning commission may under such protective restrictions as may be deemed necessary, permit the desired use, but only when the use would promote the effectiveness and objectives of this chapter. A decision in favor of the applicant shall require a majority vote of the total membership of the county planning commission.

(d) Special permits for land the area of which is greater than fifteen acres shall be subject to approval by the land use commission. The land use commission may impose additional restrictions as may be necessary or appropriate in granting such approval, including the adherence to representations made by the applicant.

all uses not listed are prohibited but provision is made for special use permits for "unusual and reasonable" uses which are defined in general terms in Hawaii Administrative Rules.[4] Churches fit within this definition and could anticipate receiving a special use permit absent any other special problem.

Applications for special use permits are made in the first instance to the relevant County Planning Commission.[5] If the area involved is greater than 15 acres, the action of the County Planning Commission is subject to approval by the State Land Use Commission. If, however, the area involved is 15 acres or less, the County Planning Commission's action is final. As noted above, the area in question is only 5.85 acres.

Hale O Kaula has existed on Maui since 1960.[6] The church's activities on Maui have been conducted out of a building in Haiku, Maui, on less than half an acre of land. The congregation also has met from time to time at County-owned Pukalani Community Center. There are roughly sixty persons in the congregation, including approximately twenty children. The church's leaders eventually determined that the Haiku Chapel was inadequate for the organization's activities and that meeting at community centers was not a satisfactory long-term solution. Space for programs involving children was needed. The church practices the Joseph Ministry one of whose emphases is on agricultural land use for which the Haiku property was very limiting. The church tried to purchase adjoining property to expand the Haiku facility but was unsuccessful. An organized effort to find additional land was instituted beginning in 1984.

The search finally resulted in the purchase in 1990 of the Pukalani land. At the time of purchase it was understood that a special use permit would be required for some of the religious activities that the church had in mind, but it was not anticipated that there would be much difficulty in obtaining the necessary approvals as

---

By a previous order, the Court dismissed various state defendants, in their individual and official capacities, because section 205–6(d) delegates complete authority and responsibility to the counties for small (15 acres or less) agricultural lots. It is thus clear that the permit at issue here is a state permit, not a county permit. Thus, references to county regulations for similar county permits (which do contain references to churches) are irrelevant.

4. Hawaii Administrative Rule § 15–15–95(b), promulgated by the State Land Use Commission, provides:

> (b) Certain "unusual and reasonable" uses within agricultural and rural districts other than those for which the district is classified may be permitted. The following guidelines are established in determining an "unusual and reasonable use":
> (1) The use shall not be contrary to the objectives sought to be accomplished by chapters 205 and 205A, HRS, and the rules of the commission;

> (2) The desired use would not adversely affect surrounding property;
> (3) The use would not unreasonably burden public agencies to provide roads and streets, sewers, water drainage and school improvements, and police and fire protection;
> (4) Unusual conditions, trends, and needs have arisen since the district boundaries and rules were established; and
> (5) The land upon which the proposed use is sought is unsuited for the uses permitted within the district.

5. Under the State are four functioning county governments, namely, the County of Hawaii, the County of Maui, the County of Kauai, and the City and County of Honolulu. Hawaii has no separate municipal governments.

6. A sister organization exists on Oahu at Grace Church in Honolulu. Hale O Kaula is associated with the Living Word Fellowship which has headquarters in California that provides general guidance and support to member churches.

there are several churches on agricultural land in the County of Maui. The property is currently used periodically as a residence, for outdoor recreation including youth events, and for agricultural purposes.

A first application to the Maui Planning Commission for a special use permit to expand facilities and to conduct religious activities on the land was made in 1994. The proposal was for a 900 square foot parsonage, a 900 square foot caretaker's cottage, an 8,500 square foot church complex, 3,500 square feet of covered walkways, and 58 paved parking stalls. That application was denied on March 28, 1995.

According to the Maui Planning Department's Report to the Maui Planning Commission for a May 23, 2000 meeting,

the MPC [Maui Planning Commission] raised concerns [in 1995] whether a Special Use Permit was the appropriate means for the establishment of the proposed complex. Given the scale and it's [sic] urban type use, the MPC questioned whether a Change in Zoning should be sought. Further, the lack of infrastructure to support an urban use would not be in the best interest of the public health and welfare of the people. They also found that the proposed complex will adversely impact the surrounding properties and burden public agencies to provide water and fire protection. Lastly, the MPC found no unusual conditions, trends or needs had arisen since the district boundary rules were established.

County Defendants' Exh. 104, at 7.

A second application for a special use permit was filed on December 20, 1999. The final denial of that application on June 27, 2001, is the basis for the suit now pending before the court.

A contested case hearing on this application was made necessary by the intervention in opposition by other owners of land on Anuhea Place, namely Jon and Cheryl Thuro, Barbara Luke, and Frank and Mary Carvalho by Frank Carvalho, Jr. These same persons had protested the first application by the church.

The church's attorney had moved for the hearing officer's disqualification for bias because of certain statements attributed to her during a settlement conference, but she denied that motion without referring the matter to someone else. There was a growing amount of friction among the several participants ending with an announcement by the applicant's attorney protesting the proceeding, objecting to its continuation, refusing to call any witnesses or to offer any evidence other than that already stipulated, noting a continuing objection to the continuation of the hearing, and refusing to withdraw the application.

The parties do not seem to agree as to what was before the hearing officer. She indicated in her Findings of Fact, Conclusions of Law, Decision and Order that she was considering a "Land Use Commission Special Use Permit application to use an existing structure and construct a second floor to hold church services" on the Anuhea property.

The hearing officer found that:

I. The use of the subject property sought by Applicant would adversely affect the properties of intervenors, properties along Anuhea Place, a private dead end street, by creating unacceptable levels of traffic and noise in the isolated agricultural neighborhood.

J. The use of the Subject Property sought by Applicant would burden Public agencies to provide water, police, and fire protection.

K. The land upon which the proposed use is sought is suitable for agricul-

ture in view of the agricultural uses the intervenors have made of their properties, starting in 1976, for cattle, horses, and fruit trees. Further, the inspection of the property by the Hearing Officer and the parties revealed an agricultural use of the property by Applicant, which had a garden and potted plants in a hothouse.

The hearing officer concluded that "the use of the Subject Property sought by Applicant is not an 'unusual and reasonable' use within the State Agricultural District, the County Community Plan Agricultural District, and the County Agricultural Zoning District under the provisions of § 15–15–95(b) of the Rules of the Land Use Commission of the State of Hawaii." She therefore, on April 30, 2001, respectfully recommended "denial of Applicant's application for a special use permit for church use." Her findings and recommendation were adopted by the Maui Planning Commission per motion on June 27, 2001, and signed by all commissioners on August 14, 2001, "Filed and effective on: 8/20/01."

Plaintiffs Hale O Kaula Church and four elders of the church seek "injunctive, declaratory and compensatory" relief against the County of Maui and the officials and governmental divisions of the County that deal with land use. As stated earlier, the matter came on for hearing on July 24, 2002, on Plaintiffs' motion for preliminary injunction.

There are two existing structures on the property. One is a residence, used mainly if not exclusively by visiting church officials. The other is an "agricultural building" which is a 1,792 square foot structure with a concrete floor. "It has one bathroom, a small kitchen facility with sink, and a 142 square foot room to be used for office functions." The church proposes to use the agricultural building to hold church functions, including religious services, and to build a second floor of 2,500 square feet to "provide meeting space, an office, library, storage and handicapped accessible restrooms."

The second application that was filed with the County of Maui, Planning Department, on December 20, 1999, described the Proposed Development as "To use an existing structure and construct a second floor to hold church services within the State and County Agricultural Districts." The applicant was "Robert Poulson on behalf of Hale O Kaula Church." The second amended complaint as part of the request for relief asks for a preliminary and permanent injunction restraining the defendants from enforcing the land use laws and rules in such a manner as to "require Plaintiffs to seek a special use permit for the development and use of the property at Anuhea Place, Pukalani, Maui, Hawaii as a church."

Plaintiffs' Motion for Preliminary Injunction prays for a preliminary injunction restraining the defendants from enforcing any land use law or regulation of the State of Hawaii or County of Maui, "that would prohibit Plaintiffs from:

1. Using their property at Anuhea Place ... and the structures now located thereon, for religious assembly, speech, worship, and practice; and

2. Commencing construction of a second floor on the agricultural building that is currently located on the Property, in accordance with the plans for such an addition contained in Plaintiffs' Application for a Special Use Permit submitted on or about December 20, 1999, and

3. Otherwise using the Property for purposes of religious exercise."

Complications have now arisen because in argument for the preliminary injunction,

counsel for Hale O Kaula stated that the church was not asking for a preliminary injunction ordering the granting of permission to "construct a second floor" but only, at this stage of the proceedings, a preliminary injunction to use the "existing structure" to hold church services and "simply permitting them to speak and assemble on topics of religion, in addition to those forms of expression and assembly that they already engage in on the property." [Transcript of Proceedings at 134].[7] Counsel also stated that "an injunction requiring the issuance of a building permit . . . wasn't even at issue during the special use permit process hearing." [Id.] This was rather ingenuous as the issuance of the requested special use permit is a condition precedent to being allowed to file for a building permit.

There appears to be a disconnect between Plaintiffs and Defendants as to what each side was saying or hearing. Plaintiffs have never applied for a special use permit to use the property *solely* for religious gatherings. The prior special use permit applications have proposed significant expansion of facilities—the first being more extensive, but the second still involving facility expansion and construction, parking lots, grading and the like. While it is

true that Plaintiffs' permit application listed both religious use and facility expansion for that use, the permit was sought for both. Facility expansion was part and parcel of the permit. Most of the proceedings before the hearings officer and county planning commission focused on that facility expansion and their impacts.

■ So far as the court is now concerned in this preliminary injunction hearing, Item 2 above is not being requested at this time and Item 3 above is too unspecific to be the basis for a preliminary injunction. Therefore, the only question now before the court is whether a preliminary injunction should issue as requested in Item 1 above, that is, that the Plaintiffs not be prohibited from "[u]sing their property at Anuhea Place . . . and the structures now located thereon, for religious assembly, speech, worship and practice."

It is not clear that Maui County ever officially prohibited the members of Hale O Kaula only from meeting on the church's property to engage in religious activities. Church leaders did have unofficial talks with county officials and appear to have been advised that church use of the property would require a special use permit. When the property was bought, it was understood that a special use permit would

7. The transcript reads, in pertinent part, as follows:

[counsel for Plaintiffs]: As an initial matter, I'd like to make clear exactly what the plaintiffs are asking for at this hearing. We're not asking you to allow us to start building, we're not asking for an injunction requiring the issuance of a building permit. In fact, that wasn't even at issue during the special use permit process hearing.

What my clients are asking for is an injunction simply permitting them to speak and assemble on topics of religion, in addition to those forms of expression and assembly that they already engage in on the property. That's it.

[Transcript at 134]. Later, the Court sought clarification:

The Court: Let me make clear, you're not asking at this time for a building permit? Counsel: Your Honor, my clients meet on the property for many agricultural reasons. They simply want to be able to pray, hold fellowship activities, and worship services. The Court: Well, it's part of your suit, isn't it, for a building permit? .... Isn't the building permit part of your lawsuit? Counsel: Yes, it is, your Honor, and— The Court: But you're not asking for it at this time? Counsel: Not at this time, your Honor. The Court: You're saving that for later? Counsel: Yes.

[Transcript at 152].

be required for the full development that the church had in mind. This development is a different matter from what the Plaintiffs are now requesting by way of a partial preliminary injunction.

A cardinal principle of federal law requires a real and present controversy for a question to be ripe for decision. *See, e.g., MacDonald, Sommer & Frates v. Yolo County,* 477 U.S. 340, 351, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986); *Kawaoka v. City of Arroyo Grande,* 17 F.3d 1227, 1232 (9th Cir.1994). Ripeness is required under Article III of the U.S. Constitution, as well as for prudential reasons. The doctrine separates matters which are premature for judicial review (because, for example, the deprivation might not occur), from situations which are appropriate for a court's intervention. Here, the requested preliminary relief, that is, "simply permitting [Plaintiffs] to speak and assemble on topics of religion," not having ever been denied by the County, is not ripe for judicial decision.

Between now and the hearing on a permanent injunction, the parties should be able to clarify what exactly is being prohibited. If, in the meantime, the Plaintiffs request—and Maui County officially prohibits—all religious worship on Plaintiffs property at any time (without assessing or examining facility expansion or new construction), then that matter would appear to be then ripe. For the present, the partial preliminary injunction request now before the Court is DENIED.

IT IS SO ORDERED.