**UNITED STATES of America,**
**Plaintiff,**

v.

**MAUI COUNTY, Defendant.**

No. CIV.03–00362SPK/KSC.

United States District Court,
D. Hawaiʻi.

Dec. 29, 2003.

James Todd, Jr., Diane Houk, Je Yon Jung, U.S. Department of Justice, Roman Storzer, Anthony Picarello, Derek L. Gua-

batz, The Becket Fund for Religious Liberty, Washington DC, Charles Hurd, Hurd & Luria, Honolulu, HI, for Plaintiffs the United States of America.

Madelyn S. D'enbeau, Jane Lovell, Department of the Corporation Counsel, Wailuku, HI, for Defendant Maui County.

Marci A. Hamilton, Washington Crossing, PA, for Amicus National League of Cities.

## ORDER DENYING MOTION TO DISMISS

SAMUEL P. KING, Senior District Judge.

The United States of America ("Government") brought this suit under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, et seq. ("RLUIPA"). The suit was filed in July of 2003 against the Maui Planning Commission, although it is probably more proper to have "Maui County" as the actual Defendant. Maui County has not yet filed an answer and has instead filed a motion to dismiss. The suit parallels the pending action *Hale O Kaula Church v. Maui County*, Civ. No. 01–615SPK/KSC, which was filed over two years ago and which has already led to several orders of this Court on various aspects of that case.

The factual background of this suit is set forth in two published decisions at *Hale O Kaula Church v. The Maui Planning Comm'n*, 229 F.Supp.2d 1050 (D.Haw. 2002) and *Hale O Kaula Church v. The Maui Planning Comm'n*, 229 F.Supp.2d 1056 (D.Haw.2002), which denied a motion for preliminary injunction and a motion to dismiss. The Court also issued two orders earlier this year denying Maui County's other motions to dismiss which were based upon the procedural posture of proceedings in state court. The County had

sought to dismiss this suit on ripeness grounds because Hale O Kaula Church had filed an administrative appeal of the special use permit denial in state court after this Court dismissed the supplemental state court claims without prejudice. The state court has since stayed its proceedings pending Federal proceedings.

## ANALYSIS

*1. The Government's Action is not Barred by the Statute of Limitations.*

Maui County first contends that the United States' complaint is time-barred. This suit was filed on July 10, 2003. The County argues that a two-year statute of limitations applies under RLUIPA and that the United States' suit was not filed within two years of the denial of the special use permit (as alleged in the complaint) that led to this suit. RLUIPA itself does not have a statute of limitations, so the County relies on a rule that the most applicable state law statute of limitations should apply. *See Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (holding that federal courts apply a forum state's personal injury statute of limitations for 42 U.S.C. § 1983 claims). Because RLUIPA is a civil rights statute similar to section 1983, absent other applicable law, a two-year period would apply in Hawaii. *Linville v. Hawaii,* 874 F.Supp. 1095, 1104 n. 5 (D.Hawai'i 1994) (finding that two-year period applies to section 1983 claim); *Lesane v. Hawaiian Airlines,* 75 F.Supp.2d 1113 (D.Hawai'i 1999) (applying two-year period to section 1981 claim).

The Government, however, looks to 28 U.S.C. § 1658, which is a *four-year* catch-all federal statute of limitations. Section 1658 provides:

Time limitations on the commencement of civil actions arising under Acts of Congress

(a) Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section [Dec. 1, 1990] may not be commenced later than 4 years after the cause of action accrues.

RLUIPA was enacted in 2000, which is well after the December 1, 1990 date provided for in section 1658. The County, however, retorts that since RLUIPA specifically refers to then-existing law and purports to codify existing precedent, that it does not fit within the meaning of section 1658. *See Jones v. R.R. Donnelley & Sons, Co.,* 305 F.3d 717 (7th Cir.2002), *cert. granted,* —— U.S. ——, 123 S.Ct. 2074, 155 L.Ed.2d 1059 (May 19, 2003) (finding that state personal injury statute of limitations applied—rather than federal four-year "catch-all" provision of section 1658—to a discrimination claim based upon the 1991 amendments to the Civil Rights Act); *Zubi v. AT&T Corp.,* 219 F.3d 220 (3d Cir.2000) (holding the same and reasoning that state statutes are not borrowed unless there are no federal rules that apply). However, there is a split in Circuits in this area. *See Anthony v. BTR Automotive Sealing Systems, Inc.,* 339 F.3d 506, 512–14 (6th Cir.2003) (noting split and holding that four-year provision in section 1658 applies). The Supreme Court has granted certiorari on this issue and it is scheduled for the present term. *See Jones v. R.R. Donnelley & Sons Company,* —— U.S. ——, 123 S.Ct. 2074, 155 L.Ed.2d 1059 (2003, granting certiorari).

■ Nevertheless, despite some present uncertainty in how section 1658 is interpreted, RLUIPA created a new cause of action. RLUIPA—unlike the Civil Rights Act and 42 U.S.C. § 1981 which are at issue in *Jones* and *Zubi,* among other cases—did not purport to amend any existing statute. RLUIPA dates from 2000,

even if it codified existing precedent (largely post–1990 precedent). Thus, under either interpretation of *Jones* and *Zubi*, it is proper to apply a four-year statutory period under section 1658. The suit is not time-barred.

██ Ultimately, however, the statute of limitations issue is moot. This is because, even if a two-year limitations period applies, the government's suit would not be barred. As mentioned earlier, this suit was filed on July 10, 2003. Although the complaint references the April 30, 2001, recommendation by the hearings officer to deny the Church's special use permit and the corresponding June 27, 2001, adoption of her recommendation by the Maui Planning Commission—both outside a 2–year limitations period—it is clear by the record in the first case (*Hale O Kaula Church v. The Maui Planning Comm'n*, Civ. No. 01–615SPK) that the denial of the permit was not signed by all commissioners until August 14, 2001, and was not filed and effective until August 20, 2001. *See Hale O Kaula Church*, 229 F.Supp.2d at 1063. Both these dates—August 14, 2001, and August 20, 2001—fall within two years of the filing of this complaint. Both events are necessary to make a lawsuit based upon a denial of a special use permit ripe for review. Even if a two-year period applies, the government's suit was timely.[1] The statute of limitations (whichever applies) does not bar this suit.

*2. "Maui County" (rather than the "Maui Planning Commission") technically is the proper Defendant.*

██ Defendant Maui Planning Commission next makes a technical argument that

the Government has named the wrong party as a Defendant. It contends that "the Maui Planning Commission" is not an independent legal entity and thus is not amenable to suit. *See Meyer v. City and County of Honolulu*, 6 Haw.App. 505, 729 P.2d 388, 390 n. 1 (1986) ("Not being an independent legal entity, the [Honolulu Police Department] should have been dismissed as a separate defendant. All liability charged against the HPD would be charged against defendant City."), *aff'd in part, rev'd in part*, 69 Haw. 8, 731 P.2d 149 (1986). While this might be true, the Maui Planning Commission does not claim to have immunity and it cannot be disputed that the County of Maui or "Maui County" is a proper nominal defendant. Moreover, the Maui County Department of Corporation Counsel would presumably serve as counsel regardless of how the Defendant was named.

It would be pointless to dismiss this action only to allow the United States to file an amended complaint, which would relate back to the initial complaint, substituting Maui County for the Maui Planning Commission. The Court sua sponte[2] substitutes "Maui County" for the "Maui Planning Commission" as the Defendant in this action.

*3. The United States has Standing to Bring This Action.*

Next, Maui County argues that the United States lacks standing to bring this action because no permit was actually denied to the United States. The argument

---

**1.** Even if this Court is limited to the allegations of the complaint, it would be pointless to dismiss the suit only to have the United States file an amended complaint alleging the relevant denials in August 2001. Alternatively, it would also be pointless to allow jurisdictional discovery on this issue in this suit because the

Court has already determined in the first suit—and the factual record is undisputed—that the permit was not officially denied until August 20, 2001.

**2.** *See* Fed.R.Civ.P. 19 and 21.

is that there is no "case or controversy" because the United States was not actually injured by the permit denial at issue. Maui County also asserts that by bringing this suit under RLUIPA, the federal government violates the Tenth Amendment because it intrudes in an area of traditional local concern, i.e., the federal government has no power here to act in an area reserved for the states.

■ This argument fails. RLUIPA itself contains specific authorization for the United States to enforce the statute. Section 4(f) of RLUIPA provides:

The United States may bring an action for injunctive or declaratory relief to enforce compliance with the Act.

42 U.S.C. § 2000cc(4)(f). An "injury" for purposes of Article III of the U.S. Constitution "may exist solely by virtue of statutes creating legal rights." *Warth v. Seldin,* 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). "Congress may create a statutory right or entitlement the alleged deprivation of which can confer standing to sue even where the plaintiff would have suffered no judicially cognizable injury in absence of statute." *Id.* at 514, 95 S.Ct. 2197. "Congress may grant an express right of action to persons who otherwise would be barred by prudential standing rules." *Id.* at 501, 95 S.Ct. 2197.

The argument that the United States has no standing appears to be a different way of arguing that RLUIPA itself is unconstitutional. In other words, the standing argument is circular. If Congress otherwise exceeded its powers in enacting RLUIPA, then perhaps the United States has no power to enforce constitutional rights of the Hale O Kaula church. But, if RLUIPA satisfies constitutional muster, then the United States is a proper party to enforce its provisions.

*4. RLUIPA is Constitutional.*

It bears repeating that many of the same arguments that were made last year in the *Hale O Kaula Church v. Maui County* suit are repeated here. Although there is now additional case law, none of it is truly binding on this Court. The Court does not intend to start over again in this action.

A. RLUIPA Does Not Violate the Establishment Clause.

To date, four Circuits—including the Ninth—have issued opinions on whether RLUIPA violates the Establishment Clause [3] by impermissibly advancing religion.[4] The Fourth, Seventh, and Ninth Circuits have *upheld* RLUIPA's constitutionality under an Establishment Clause challenge. *See Madison v. Riter,* 355 F.3d 310, 2003 WL 22883620 (4th Cir. Dec.8, 2003); *Charles v. Verhagen,* 348 F.3d 601 (7th Cir.2003); *Mayweathers v. Newland,* 314 F.3d 1062, 1068–69 (9th Cir.2002), *cert. denied,* —— U.S. ——, 124 S.Ct. 66, 157 L.Ed.2d 30 (U.S. Oct. 06, 2003). On the other hand, the Sixth Circuit recently found RLUIPA *unconstitutional* as an Establishment Clause violation. *See Cutter v. Wilkinson,* 349 F.3d 257 (6th Cir.2003). All those cases, however, were in the prisoner context.

---

3. "Congress shall make no law respecting an establishment of religion." U.S. Const. amend. I.

4. In his concurring opinion in *City of Boerne v. Flores,* 521 U.S. 507, 536–37, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997), Justice Stevens concluded that RLUIPA's predecessor, the Religious Freedom Restoration Act ("RFRA") violated the Establishment Clause. No other Justice, however, joined his concurrence and *Boerne* struck RFRA down because the Court held that Congress had exceeded its powers under the Fourteenth Amendment in defining the contours of a constitutional right.

■ Given the Ninth Circuit law— again, albeit in a prison litigation context— there is little reason to find differently in the land use context. The Establishment Clause arguments are essentially the same. If RLUIPA does not constitute an impermissible advancement of religion for institutionalized persons as against prisons, it would not seem to do so for noninstitutionalized persons as against municipalities in land use decisions. The Court therefore rules consistently with Ninth Circuit precedent in a prison context and finds that RLUIPA does not violate the Establishment Clause in a land use context.

### B. RLUIPA Does Not Violate the Commerce Clause.

■ Maui County, and its amici, also argue that Congress violated the Commerce Clause because there is no substantial effect on interstate commerce. The Court has already decided in *Hale O Kaula Church v. Maui Planning Comm'n*, 229 F.Supp.2d at 1071–73, that RLUIPA does not facially violate the Commerce Clause. That decision reasoned that because RLUIPA has a jurisdictional element, 42 U.S.C. § 2000cc(a)(2)(B),[5] cases such as *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) (striking down on commerce clause grounds the Gun–Free School Zones Act because the regulated activity did not substantially affect interstate commerce), did not apply. There is no reason to rethink this part of the decision here. For the reasons stated in the previous order, 229 F.Supp.2d at 1071–73, the Court finds that RLUIPA does not violate the Commerce Clause.

### C. RLUIPA Does Not Violate the Tenth Amendment.

■ Likewise, the Court rejects the argument that Congress violated the Tenth Amendment when it passed RLUIPA. Although RLUIPA does "intrude" to some extent on local land use decisions, there is nothing about it that violates principles of federalism (i.e., federal intrusion into state matters) *if* the federal statute is otherwise grounded in the Constitution. RLUIPA is not federal zoning of county land; it is federal enforcement of federal rights. Here, assuming for the moment that RLUIPA is a proper exercise of either the Commerce Clause or Section 5 of the Fourteenth Amendment (or both), then the federal government would be constitutionally permitted to regulate some aspects of land use. Just as the federal Fair Housing Act (enacted under the Commerce Clause) functions in part to regulate local land use, RLUIPA also functions to regulate in an area of traditional local concern. One can think of many other valid federal statutes that incidentally or substantially impact on local land use or zoning regimes. *See, e.g.,* Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, regarding public accommodations; or the Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7)(B), regarding federal regulation of local zoning requests of wireless service providers. Such federal statutes properly apply to municipal zoning decisions. *See, e.g., Forest City Daly Hous-*

---

**5.** It provides:
> This subsection [Protection of land use as religious exercise] applies in any case in which—
>
> .    .    .    .    .
>
> (B) the substantial burden affects, or removal of that substantial burden would af-

fect, commerce . . . among the several States . . . even if the burden results from a rule of general applicability[.]

*ing, Inc., v. Town Of North Hempstead,* 175 F.3d 144, 151 (2d Cir.1999).

The Tenth Amendment argument is subsumed by the other arguments regarding RLUIPA's constitutionality. *See United States v. Jones,* 231 F.3d 508, 515 (9th Cir.2000) ("[I]f Congress acts under one of its enumerated powers, there can be no violation of the Tenth Amendment"). There is no independent violation of the Tenth Amendment here.

### D. RLUIPA Does Not Violate Section 5 of the 14th Amendment.

The final argument is that Congress exceeded its powers under Section 5 of the Fourteenth Amendment in enacting RLUIPA. Previously, this Court held that existing precedent required the application of a strict scrutiny test to measure the actions of the Maui Planning Commission in denying the special use permit to Hale O Kaula Church. Because a strict scrutiny test applied regardless of RLUIPA, the Court decided there was no need to rule on all aspects of RLUIPA's constitutionality. Now, however, because the federal government relies on RLUIPA to bring this suit, it becomes necessary to rule on RLUIPA's constitutionality.

■ Again, the main arguments regarding the 14th Amendment were argued to this Court last year. The Court has reviewed the various decisions in this area since then. *See Murphy v. Zoning Comm'n of the Town of New Milford,* 289 F.Supp.2d 87, 2003 WL 22299219 (D.Conn. Sept.30, 2003) (finding RLUIPA constitutional under section 5 of the 14th Amendment); *Westchester Day School v. Village of Mamaroneck,* 280 F.Supp.2d 230 (S.D.N.Y.2003) (same); *Freedom Baptist Church of Delaware Cty. v. Middletown,* 204 F.Supp.2d 857, 874 (E.D.Pa.2002) (same); *Christ Universal Mission Church v. Chicago,* Civ. No. 01–C–1429 (N.D.Ill.

Sept. 11, 2002) (adopting reasoning from *Freedom Baptist Church* ) (Order at Exh. 5 to Plaintiff's Opposition Memorandum); *Life Teen, Inc. v. Yavapai County,* No. 01– 1490 (D.Ariz. Mar. 26, 2003) (Order at Exh. 4 to Plaintiff's Opposition Memorandum) (same); *but see Elsinore Christian Center v. City of Lake Elsinore,* 291 F.Supp.2d 1083 (C.D.Cal.2003) (finding Congress exceeded its powers under section 5). Upon such review, the Court agrees with and adopts the reasoning in the decisions finding RLUIPA to be a proper exercise of congressional power under the 14th Amendment.

If, as the Court finds here, RLUIPA codified existing precedent regarding when to apply the strict scrutiny test (i.e., if a generally applicable and neutral law also contains exceptions based upon "individualized assessments" which can be used in a pretextual manner—as is the special use permit process) then it is Constitutional.

Even if Congress went a little further in codifying an extension of the "individualized assessments" doctrine from an unemployment benefits context (as in *Employment Div., Dep't of Human Res. of Oregon v. Smith,* 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990)) to a land use context, it acted with "congruence and proportionality" in codifying strict scrutiny in this context. *See Boerne,* 521 U.S. at 518, 117 S.Ct. 2157 ("There must be a congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end. Lacking such a connection, legislation may become [impermissibly] substantive in operation and effect."). There appears to have been sufficient congressional inquiry into whether local land use boards could use, or were using, "individualized assessments" (such as the special permit process under Haw.Rev.Stat. § 205–6) in an otherwise neutral and general scheme, as a

 

pretext for religious discrimination so as to justify applying a strict scrutiny test of such local land use decisions. *See* 146 Cong. Rec. at S7774 ("The hearing record compiled massive evidence that this right [of free exercise of religion] is frequently violated").

*5. The Seventh Circuit's Opinion in Civil Liberties for Urban Believers v. City of Chicago, 342 F.3d 752 (7th Cir.2003) Does Not Require Dismissal.*

Finally, Maui County makes much of the August 20, 2003, opinion of the Seventh Circuit in *C.L.U.B. v. City of Chicago,* 342 F.3d 752 (7th Cir.2003) and argues that the United States' suit fails to state a claim. The case does not help, at least for this motion.

*C.L.U.B.,* among other things, upheld the dismissal of a group of religious organizations challenging the City of Chicago's zoning laws regarding location of churches in certain commercially-zoned areas. Essentially, the Seventh Circuit upheld a *facial* challenge to Chicago's laws that required churches to apply for certain exemptions. In this regard, it is consistent with the Court's previous decision in *Hale O Kaula Church,* which held that Hawaii's land use law was not facially unconstitutional by requiring churches to have to apply for special use permits to have a church within an agricultural district. *See Hale O Kaula Church,* 229 F.Supp.2d at 1069–70. Because the Seventh Circuit found no constitutional violations, it did not reach whether RLUIPA was constitutional. *C.L.U.B.,* 342 F.3d at 762. Most importantly for present purposes, the opinion did not involve an as-applied challenge as is at issue here; the opinion is therefore not a reason to dismiss the United States' complaint in this action.

## CONCLUSION

There is no statute of limitations bar to this action. The United States has standing. The Court substitutes "Maui County" as a Defendant in place of "Maui Planning Commission." The Court finds that RLUIPA is Constitutional. Maui County's Motion to Dismiss is DENIED.

IT IS SO ORDERED.